UNITED STATES of America, Appellee,

v.

Wayne G. ELLIOTT, Jr., Appellant.

No. 81–2234.

United States Court of Appeals,
Eighth Circuit.

Submitted April 2, 1982.

Decided April 8, 1982.

10.  *Supra.*

Alfredo G. Parrish, P. C., Alfredo G. Parrish, Des Moines, Iowa, for appellant.

Kermit B. Anderson, U. S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT, Circuit Judge, STEPHENSON, Senior Circuit Judge, and HENLEY, Circuit Judge.

PER CURIAM.

Wayne G. Elliott, Jr. appeals his conviction on one count of converting union funds to his own use in violation of 29 U.S.C. § 501(c). On appeal he contends that he is entitled to a mistrial as a result of a prosecutor's prejudicial question. He also asserts that the district court[1] abused his sentencing discretion by applying a mechanical sentencing approach, which failed to individualize appellant's sentence.[2] We affirm.

Appellant was charged with misuse of credit cards issued to him by his employer, the Teamsters Local 90 in Des Moines, Iowa. At trial appellant challenged whether he had the requisite criminal intent by contending that his use of the credit cards was authorized and approved by Ralph Smith, the secretary-treasurer of Local 90. During the cross-examination of appellant, the prosecutor asked the following question, which appellant claims so prejudiced his defense that he is entitled to a mistrial: "Sir, do you know if there was ever any action taken against Ralph Smith for his use of the credit card?" Appellant's counsel immediately objected to the question, and objection was sustained by the district court. No answer was given. Appellant argues that the mere posing of this question was prejudicial in that it succeeded in implying that appellant was linked in a common scheme with Ralph Smith, who had already been convicted under § 501(c) for his misuse of the credit cards.

The district court has broad discretion in determining whether the claimed prejudicial question has so tainted the trial as to require a mistrial. *United States v. Maestas*, 554 F.2d 834, 839 (8th Cir.), *cert. denied*, 431 U.S. 972, 97 S.Ct. 2936, 53 L.Ed.2d 1070 (1977). As indicated, no answer was given and no particular attention was drawn to the question at the time. The trial judge prohibited the prosecutor from making any reference in closing argument to the failure of Ralph Smith to testify in appellant's behalf and, indeed, after the question and objection the entire matter was never mentioned throughout the remainder of the trial.

The trial judge was in an excellent position to determine prejudicial impact, if any, of the brief reference to "action against Ralph Smith." While the trial judge found that the reference should not have been made, he also found that it was not so prejudicial as to require a new trial and denied the motion therefor. In the circumstances, we see no abuse of discretion upon which to predicate a finding of reversible error.

We also reject appellant's characterization of the district court's sentencing ap-

---

1. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

2. Appellant was sentenced to a two-year term of imprisonment. The execution of that term was suspended on the condition that appellant spend two months in a jail-type facility. Appellant was also placed on two years probation.

proach as mechanical. The district court took into consideration the pre-sentence report and made specific mention that appellant had a "good record" and was a "good citizen," but balanced those considerations with the need for requiring service of "at least some limited time" as a matter of general deterrence, and sentenced appellant to two years imprisonment, but suspended execution upon the condition that appellant spend two months in a jail-type facility. The district court did not fail to consider individual factors in sentencing appellant, nor did the district court err in considering general deterrence. *United States v. Foss*, 501 F.2d 522, 528 (1st Cir. 1974) (when individualizing a sentence, the district court may consider general deterrence). The "mechanical sentence" rule of *Woosley v. United States*, 478 F.2d 139, 143–45 (8th Cir. 1973), is plainly inapplicable here. We find that the district court did not abuse its discretion in the sentencing of appellant.

Affirmed.