**UNITED STATES of America, Appellee,**

v.

**Michael PIERCE, Appellant.**

**No. 85–2015–EM.**

United States Court of Appeals, Eighth Circuit.

Submitted March 13, 1986.

Decided June 5, 1986.

David R. Freeman, Federal Public Defender, St. Louis, Mo., for appellant.

James G. Martin, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, WOLLMAN, Circuit Judges, and HARRIS,* Senior District Judge.

OREN HARRIS, Senior District Judge.

This appeal arises from a judgment entered by the district court[1] upon a verdict of guilty on Count II of a two count indictment[2] returned by the Grand Jury for the Eastern District of Missouri.

For reversal the appellant, Michael Pierce, raises three points: (1) whether the district court erred in denying his motion for mistrial based upon comments of the

Assistant United States Attorney made during closing argument; (2) whether a statement made by the district court during defendant's cross-examination of a government witness was prejudicial; and (3) whether evidence of appellant's involvement in a prior drug transaction was properly admitted.

The trial of this matter commenced July 15, 1985. All testimony and exhibits were received and the parties rested that same day. Following the overnight recess, court was reconvened on July 16, 1985, for closing arguments, instructions, and jury deliberations. In the course of his closing arguments, the Assistant United States Attorney commented upon the credibility of the appellant as opposed to the credibility of government witnesses, Agent Shurn and Joel Carter.[3]

Notwithstanding timely objection and Motion for Mistrial by counsel for appellant, the district court ruled against the motion and objection, finding that the Assistant United States Attorney was making an argument of fact, based upon the defendant's own testimony that he was never

---

* The Honorable Oren Harris, Senior United States District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

2. The indictment contained two separate counts of knowing and intentional distribution of phencyclidine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Count I alleged that Pierce distributed "PCP" on or about May 8, 1984. Count II alleged that the same activity occurred on or about July 23, 1984. The jury returned a verdict of "not guilty" on Count I of the indictment.

3. The full text of the remarks of the Assistant United States Attorney is as follows:

Most importantly, I ask you to consider this: If the defendant is telling the truth, if the Government witnesses are lying and the defendant is telling the truth, if he never sold PCP in his life, if the only time he met Roy Shurn was when he was playing pool, and if at that time they never talked to each other, they just met and that was it, that if at the time the pool was being played, if that was the

case, other people was smoking PCP, but Agent Shurn—possibly even Agent Shurn was—but the defendant wasn't, if Agent Shurn called the defendant and asked him for PCP, but the defendant said, "I don't know where to get any, I can't sell you any," why would Agent Shurn fabricate this case?

If what the defendant says is true, why did Agent Shurn tell you the story he did yesterday?

The answer to that is quite simple. The testimony of Agent Shurn is not a story. What he testified to was what happened, it was the truth.

Ladies and gentlemen, the person who lied on the stand was the defendant himself.

MR. DAY: Your Honor, I object to that statement and move for a mistrial and instuctions—

THE COURT: Your objection will be overruled and your motion denied.

MR. MARTIN (continuing): Ladies and gentlemen, I ask that you keep in mind that this is not a credibility contest simply between Shurn and the defendant.

Rather, you have to also remember Joel Carter also testified.

\*　　\*　　\*　　\*　　\*　　\*

involved in a transaction of any variety with Agent Shurn.

The proper role of the prosecutor in the adversary system and the acceptable limits of closing argument have been a focal point in numerous opinions of this Court. See, e.g., *United States v. Harvey*, 756 F.2d 636 (8th Cir.1985); *Llach v. United States*, 739 F.2d 1322 (8th Cir.1984); *United States v. Michaels*, 726 F.2d 1307 (8th Cir.1984), *cert. denied* — U.S. ——, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984); *United States v. Auerbach*, 682 F.2d 735 (8th Cir. 1981), *cert. denied*, 459 U.S. 911, 103 S.Ct. 219, 74 L.Ed.2d 174 (1982); *United States v. Singer*, 660 F.2d 1295 (8th Cir.1981), *cert. denied*, 454 U.S. 1156, 102 S.Ct. 1030, 71 L.Ed.2d 314 (1982); *United States v. Segal*, 649 F.2d 599 (8th Cir.1981); *United States v. Bohr*, 581 F.2d 1294 (8th Cir.), *cert. denied*, 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed.2d 351 (1978); *United States v. Dawkins*, 562 F.2d 567 (8th Cir.1977).

There is a two-part test for prosecutorial misconduct: (1) the prosecutor's remarks or conduct must in fact have been improper and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. *United States v. Hernandez*, 779 F.2d 456 (8th Cir.1985); *United States v. Powell*, 771 F.2d 1173 (8th Cir.1985).

In this context it is well established that "not every impropriety of argument calls for a new trial or for a reversal of the judgment of conviction. And appellate courts should not reverse for such improprieties unless persuaded that they probably prejudiced the defendant and that the prejudice was not removed effectively by the trial judge before the submission of the case to the jury." *United States v. Hernandez*, 779 F.2d at 458, quoting *Keeble v. United States*, 347 F.2d 951, 956 (8th Cir.), *cert. denied*, 382 U.S. 940, 86 S.Ct. 394, 15 L.Ed.2d 350 (1965).

The grant or denial of the motion for mistrial lies within the sound discretion of the district court and may only be reversed on a showing of abuse of discretion. *United States v. Hernandez, supra; United States v. Powell, supra.* Although a statement by the prosecutor may be improper, under the above noted two-part test there also must be a showing of prejudicial effect in the context of the entire trial. However, a review of the entire argument, and the trial as a whole, reveals that the remark had no significant prejudicial effect on the fairness of the trial. The testimony of Agent Shurn was diametrically opposed to the testimony of appellant. Agent Shurn detailed the negotiations and events between May 8, 1984 and July 23, 1984, leading up to the transaction occurring July 23. Appellant denies that any conversations, negotiations, or transaction occurred, whether drug related or otherwise.

■ The Court concludes that there was no abuse of discretion herein by the district court in denying the motion for mistrial. Likewise, the trial court has broad discretion in controlling closing arguments. *United States v. Harvey, supra; Llach v. United States, supra.* Such discretion was not abused here.

However, the Court is compelled to admonish the Assistant United States Attorney that he must not allow his "zeal to out run his discretion." *United States v. Hernandez*, 779 F.2d at 560, quoting *United States v. Killian*, 524 F.2d 1268 (5th Cir. 1975).[4]

The issue of the credibility of witnesses remains the province of the finder of fact. Such was the issue on which the Assistant United States Attorney was making his argument. Furthermore, the district court correctly instructed the jury that it was only to consider the evidence in the case in reaching its decision and that statements and arguments of counsel were not evidence. There is strong, compelling evi-

---

4. *Hernandez* and *Harvey* are recent cases arising out of the Eastern District of Missouri, as is the case under consideration here. The allegation of prosecutorial misconduct has been pressed against the Office of the United States Attorney for that district much too frequently to go unnoticed. Remedial measures should be instituted to eliminate this type of conduct.

dence in the record on which the jury's verdict can rest.

The appellant contends that the district court erred in making what is termed a "derogatory comment" [5] during his cross-examination of Agent Shurn. The line of questioning which counsel was pursuing concerned the use and availability of certain surveillance devices at the time of the July transaction.

█ The Court has carefully reviewed the record in regards to this alleged error and can only conclude that the comment of the district court was not prejudicial and did not constitute an expression of the district court's opinion as to the guilt or innocence of appellant. Other than this isolated incident, there is no evidence that the district court interjected itself into the examination of witnesses. In no way can the conduct of the district court be said to have adversely tipped the balance of overall fairness against appellant. *United States v. Bland,* 697 F.2d 262 (8th Cir.1983). Neither can it be said that trial judge's role lost its color neutrality. *Id.*

Finally, appellant contends that the district court erred in admitting evidence of a prior drug transaction. It is well established that such evidence is admissible under the Federal Rules of Evidence, Rule 404(b) if "(1) the evidence is relevant to an issue in question other than that of the character of the defendant, (2) there is clear and convincing evidence that the defendant committed the acts, and (3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value." *United States v. McDaniel,* 773 F.2d 242, 247 (8th Cir.1985); *United States v. Evans,* 697 F.2d 240, 247–48 (8th Cir.), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983). There is broad discretion afforded to the district court in deciding whether to admit this type of evidence and the decision will not be overturned absent a clear showing that the requirements have not been met.

*United States v. McDaniels, supra; United States v. Evans, supra.*

█ This evidence was clearly relevant to show knowledge, intent and motive. See Rule 404(b). Agent Shurn testified that the appellant stated he would only make the delivery in a public place because he had been robbed when finalizing an earlier drug transaction. Such declaration by appellant would be sufficient to satisfy the requirements as set forth above. It is indicative of his participation in the incident.

Appellant fails to articulate any rationale for finding that the district court abused its discretion by finding that the probative value was not outweighed by the prejudicial effect. In fact, the Court is of the opinion that the probative value far surpassed any prejudicial effect this evidence might have had. Therefore, the evidence of the prior drug transaction was properly admitted by the court under Fed.R.Evid. 404(b).

In summary, the Court finds that the district court did not err in overruling appellant's objection and denying motion for mistrial to comments made in the course of the government's closing argument. The Court also finds that the district court did not err in making the limited comment in the course of appellant's cross-examination of a government witness. Finally, the Court finds that the district court did not err in admitting evidence of prior bad acts under Rule 404(b). Accordingly, the conviction of Michael Pierce is affirmed.

---

**5.** The district court, in sustaining the government's objection to a line of questioning on grounds of relevancy, stated:

THE COURT: I guess they can get helicopters. I will sustain the objection.