UNITED STATES of America, Appellee,

v.

Frank WEBER, Appellant.

No. 86–2185.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1987.

Decided May 1, 1987.

R. Thomas Day, St. Louis, Mo., for appellant.

Steven E. Holtshauser, St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Frank Weber appeals from his conviction for distributing cocaine. 21 U.S.C. § 841(a)(1). Appellant was charged with two counts of distributing cocaine in violation of § 841(a)(1). Weber pleaded guilty to one count and was convicted, after a jury trial, of the second count. The district court sentenced him to two concurrent nine-year terms of imprisonment followed by a special parole term of three years.

Weber raises two claims of error on appeal: (1) the district court erred in permitting the prosecution to admit evidence of the distribution charge to which Weber had pleaded guilty, and (2) the district court erred in failing to make a finding regarding three alleged factual inaccuracies in the presentence report prior to sentencing. We affirm.

Evidence of a defendant's involvement in prior drug transactions is admissible under Fed.R.Evid. 404(b) if:

(1) the evidence is relevant to an issue in question other than that of the character of the defendant, (2) there is clear and convincing evidence that the defendant committed the acts, and (3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value.

United States v. Pierce, 792 F.2d 740, 743 (8th Cir.1986) (quoting United States v. McDaniel, 773 F.2d 242, 247 (8th Cir.1985)).

■ Evidence of prior drug transactions is relevant to show knowledge, intent and motive. *Pierce,* 792 F.2d at 743; *United States v. Richardson,* 477 F.2d 1280, 1282 (8th Cir.), *cert. denied,* 414 U.S. 843, 94 S.Ct. 104, 38 L.Ed.2d 82 (1973). Such evidence is particularly relevant where, as in this case, the defendant has raised the defense of entrapment. *United States v. Simon,* 453 F.2d 111, 115 (8th Cir.1971). The record contains clear and convincing evidence that defendant committed the prior offense. When a defendant raises the defense of entrapment, prior drug transactions have particular probative value which tend to outweigh the potential prejudicial effect. Here, we are persuaded that the district court did not abuse its discretion, *see Pierce,* 792 F.2d at 743, in admitting the evidence.

Prior to sentencing, defendant raised three alleged factual discrepancies in the presentence report. In such circumstances the district court is required to "make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing." Fed.R. Crim.P. 32(c)(3)(D). The district court's findings and determinations are then appended to the presentence report. *Id.* Here, the district court signed the required findings appended to the report on September 6, 1986, the date of sentence; apparently the findings were not announced prior to imposition of sentence. With respect to the three challenged areas the trial court found either that the court "took into consideration contrary evidence in the case" or that the matters controverted were not being taken into account in sentencing. Weber contends, however, that the district court was required to make the findings and determinations *prior* to sentence imposition.

■ Several other circuits have indicated that Rule 32(c)(3)(D) contemplates that the findings and determinations be made before sentencing. *See United States v. Edwards,* 800 F.2d 878, 883 (9th

Cir.1986); *Kramer v. United States,* 798 F.2d 192, 195 (7th Cir.1986). This is because one of the purposes of Rule 32(c)(3)(D) is to ensure that the sentence imposed is based on accurate information. *Poor Thunder v. United States,* 810 F.2d 817, 822 (8th Cir.1987); *Edwards,* 800 F.2d at 883. We are firmly convinced, however, upon our review of the record and the prompt manner in which the district court issued its written findings and determinations[1] that none of the disputed matters affected the district court's sentencing decision. *See Poor Thunder,* 810 F.2d at 826. While undoubtedly in most, if not all, instances it is better practice for the sentencing judge to announce at the sentence hearing at least the substance of his Rule 32(c)(3)(D) findings, here it is clear that no disputed matter affecting the court's sentence decision remained unaired or unresolved at the hearing. We therefore find that the district court substantially complied with Rule 32 and that error, if any, was harmless. Thus, a remand for resentencing is not required.

The decision of the district court is affirmed.[2]

---

1. In *Edwards* the district court did not make the Rule 32(c)(3)(D) findings and determinations until five months after defendant Edwards filed his notice of appeal. 800 F.2d at 882.

2. In coming to conclusion and in affirming we, of course, do so without prejudice to the right of appellant to seek such relief, if any, as may be available under Fed.R.Crim.P. 35(b).