**UNITED STATES of America, Appellee,**

v.

**Patricia Eileen KRAPP, Appellant.**

**No. 86–1750.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1986.

Decided April 3, 1987.

Rehearing Denied May 5, 1987.

---

Alfredo Parrish, Des Moines, Iowa, for appellant.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and HANSON,* District Judge.

ROSS, Circuit Judge.

Patricia E. Krapp appeals her conviction of three counts of making false record entries with intent to mislead, deceive or defraud the United States in violation of 18 U.S.C. § 2073. For reversal, Krapp argues that the district court[1] erred: 1) in refusing to grant a mistrial after the prosecutor asked a witness an allegedly improper question; 2) in failing to give a jury instruction on good character; and 3) in admitting evidence of other violations of postal regulations by Krapp. We affirm.

## I.

Krapp was the postmaster of the Pocahontas, Iowa post office from November 1983 to February 1986. An investigation by United States Postal Inspectors in January 1986 revealed a shortage of 100 coils of 22 cent stamps ($2200) at the Pocahontas post office. Krapp admitted to the inspectors that she had discovered the shortage in late November or early December 1985, but had failed to accurately reflect the shortage on certain postal forms and reports which she was required to fill out in connection with her duties as postmaster.

Krapp stated that she did not report the shortage because she was investigating the incident and because she lacked expertise in filling out the postal forms. Krapp was charged with three counts of making false record entries with intent to defraud the United States.

## II.

At trial, Krapp presented a character witness who testified that Krapp had a reputation as "an honest, trustworthy person." On cross-examination the Assistant United States Attorney asked the witness "Are you aware that Pat Krapp's husband with her knowledge omitted cash income that he had on his—on their tax returns?" Before the witness answered, Krapp's attorney objected to the question and moved for a mistrial on the basis that the question was improper. Although refusing to grant a mistrial, the trial court sustained the objection and admonished the jury to disregard the question. Krapp now argues that a mistrial should have been granted because the question was asked without good faith and served only to prejudice the jury.

■ This court has established a two-part test for reversible prosecutorial misconduct: 1) the prosecutor's remarks or conduct must have been improper; and 2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive defendant of a fair trial. *United States v. Pierce*, 792 F.2d 740, 742 (8th Cir.1986); *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir. 1985). Therefore, not all improper conduct warrants a new trial. Rather, the conviction will be affirmed unless the misconduct, in the context of the whole trial, was prejudicial. *See Hernandez, supra,* 779 F.2d at 458–59. The district court has broad discretion in determining whether the alleged prejudicial question so tainted the trial as to require a mistrial, and this court may reverse only on a showing of abuse of

---

* The HONORABLE WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable David R. Hansen, United States District Judge for the Northern District of Iowa.

discretion. *Pierce, supra,* 792 F.2d at 742; *United States v. Elliott,* 674 F.2d 754, 755 (8th Cir.1982).

This court has previously recognized the possible prejudicial impact of "did you know" type impeachment questions if they have no basis in fact. *See Gross v. United States,* 394 F.2d 216, 219 (8th Cir.1968). *See also United States v. Nixon,* 777 F.2d 958, 970 (5th Cir.1985). In *Gross,* we noted:

> "The rule permitting the cross-examiner to ask the character witness whether he 'has heard' of other particular crimes of accused involving the same trait is pregnant with possibilities of destructive prejudice. The mere asking by a respected official of such a question, however answered, may well suggest to the jury that the imputation is true."

*Id.* at 221 n. 1 (quoting McCORMICK, EVIDENCE (1954) § 158, pp. 336, 337). Further, "[u]nless circumscribed by rules of fairness and grounded in demonstrated good faith on the part of the prosecution, the result could be most prejudicial to the defendant and make for a miscarriage of justice." *Id.* at 219 (citations omitted).

When asked by the trial judge outside the hearing of the jury what his good faith basis was for asking the question, the prosecutor stated that the notes of one of the postal inspectors reflected that Krapp had told the inspector that her husband received cash income which he did not report on their tax return. Further, the prosecutor had seen the tax returns and he believed them to be joint returns. Krapp replied that the postal inspector's notes concerned her 1985 tax return which the prosecutor knew had not been filed.

■ The trial court, in sustaining Krapp's objection, stated that he was not impugning any bad faith on the part of the prosecutor in asking the question, but found that the prejudicial effect of the question outweighed its probative value. We also make no determination as to whether the question was asked in good faith, although we find the issue to be a close one. Instead, we determine that even if the question were improper, when viewed in the context of the whole trial it was not so offensive as to warrant a mistrial. *See Hernandez, supra,* 779 F.2d at 460. The question was asked only once, was unanswered, and the subject matter of the question was never brought up again before the jury. *See id.; United States v. Grady,* 665 F.2d 831, 834 (8th Cir.1981). Further, the district court immediately admonished the jury to disregard the question. *See United States v. Whitney,* 787 F.2d 457, 461 (8th Cir.1986); *Hernandez, supra,* 779 F.2d at 461. Also, from a review of the record we determine that there was substantial other evidence on which the jury could base Krapp's conviction such that the question did not have a substantial adverse impact on the verdict. *See Hernandez, supra,* 779 F.2d at 460–61; *United States v. Nixon, supra,* 777 F.2d at 970–71. Therefore, we find no abuse of discretion by the trial court in refusing to grant a mistrial.

■ However, we admonish the Assistant United States Attorney for asking Krapp's character witness about the Krapps' tax returns in front of the jury without first raising the matter with the trial judge. Before an attempt at impeachment of a character witness with "did you know" type questions such as this, the trial judge should have the opportunity, out of the hearing of the jury, to rule on the propriety of the questions. *See United States v. Gross, supra,* 394 F.2d at 223; *United States v. Nixon, supra,* 777 F.2d at 970. By failing to raise the matter first with the trial judge, the Assistant United States Attorney created the risk of mistrial after substantial time had been invested in the trial.

### III.

Krapp also contends that the trial court erred in failing to give a jury instruction regarding the consideration the jury could give to the character evidence.

The government argues as an initial point that Krapp should be precluded from arguing the absence of a character instruction because she had not requested any

such instruction in writing, but rather, had requested the instruction orally. Rule 30, FED.R.CRIM.P. provides that "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file *written* requests that the court instruct the jury on the law as set forth in the requests." (Emphasis added).

■ Rule 30 evidences a preference for written requests for instructions. Written requests are the most practical and effective way of ascertaining that the district judge fully grasps the substance of the request as well as the language requested. A failure to make a written request can under certain circumstances be sufficient grounds for denial of the requests. *United States v. Gonzalez-Carta,* 419 F.2d 548, 552 (2d Cir.1969). In this case, however, we do not consider Krapp's failure to put her requested instructions in writing as fatal to her argument. The record indicates that the trial court acknowledged Krapp's requested instructions, and some discussion was had as to their propriety. Therefore, the trial court was adequately informed of Krapp's request despite the absence of a writing. *See United States v. Whitaker,* 447 F.2d 314, 317 (D.C.Cir.1971); *United States v. Strauss,* 443 F.2d 986, 991 n. 6 (1st Cir.), *cert. denied,* 404 U.S. 851, 92 S.Ct. 87, 30 L.Ed.2d 90 (1971).

A more significant problem with Krapp's argument is that she failed to request the particular instruction which she now argues should have been given. At the instruction conference, Krapp first asked for an instruction providing that good character evidence is enough in itself to warrant an acquittal. Krapp now concedes on appeal that the trial court correctly refused the request because such a "standing alone" instruction is disapproved in this

circuit. *See Black v. United States,* 309 F.2d 331, 344 (8th Cir.1962), *cert. denied,* 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765 (1963). *See also MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE EIGHTH CIRCUIT* § 6.18 Committee's Comments.

Krapp next requested Eighth Circuit model instruction 6.02, which states "You have heard testimony about the character and reputation of * * * [defendant] for truthfulness. You may consider this evidence only in deciding whether or not to believe the testimony of * * * [defendant] and how much weight to give to it." The trial court refused to give this instruction relying on the "notes on use" following the model instruction which provide that "[t]his instruction should *not* be used where a defendant's character for truthfulness in fact represents a 'pertinent character trait' within the scope of [FED.R.EVID.] Rule 404(a)(1)." Krapp admitted at the instruction conference that the character evidence offered at trial went to the question of her intent, which is an element of the offense for which she was being tried. Krapp does not argue and we do not find that the trial court erred in refusing to give model instruction 6.02.

Krapp offered no other character instruction at trial. Now, however, she contends that the trial court should have given a modified version of model instruction 6.02 informing the jury that it "may consider this [character] evidence in deciding whether or not the defendant committed the crime of _____." [2]

■ We find no error in the trial court's failure to give a specific character instruction. A district court has wide discretion in formulating jury instructions, and a defendant is not entitled to a particu-

---

**2.** This instruction comes from the "notes on use" of model instruction 6.02. These notes recommend that if the defendant's character for truthfulness is a pertinent character trait, and if the court chooses to give a character instruction, it may give this modification now requested by defendant.

Krapp argues in the alternative that the trial judge should have given a character instruction like the one this court approved in *Black v.*

*United States,* 309 F.2d 331, 343–44 (8th Cir. 1962), *cert. denied,* 372 U.S. 934, 83 S.Ct. 880, 9 L.Ed.2d 765 (1963). Krapp did not offer this instruction to the trial court. For the same reasons that we find that the trial court did not err in giving a character instruction patterned after a modification of model 6.02, we find no error in the trial court's failure to give the instruction from *Black.*

larly worded instruction if the instructions as a whole adequately cover the substance of the requested instruction. *United States v. Reda,* 765 F.2d 715, 719 (8th Cir. 1985). In the present case, the trial court allowed the jury to consider the character evidence presented under the other instructions. The jury was instructed that it may consider "all other facts and circumstances proved by the evidence which indicate [the defendant's] state of mind." Also, a general instruction on credibility was given.

Further, despite Krapp's contention that the character evidence was the "bulwark" of her defense, our review of the record indicates that character evidence was not a substantial part of Krapp's defense at trial.[3] Although Krapp offered several witnesses, only three testified as to her reputation for truth and honesty. Additionally, her attorney did not mention character evidence in his closing argument. In view of the strength of the government's case, we do not believe that the giving of a specific character instruction would have had an impact on the jury's verdict. *See United States v. Marquardt,* 786 F.2d 771, 784 (7th Cir.1986). Therefore, we find no error in the trial court's refusal to give a character instruction.

## IV.

Krapp argues that the trial court erroneously admitted evidence of certain violations of postal regulations by Krapp. According to Krapp, these violations were completely unrelated to the crimes for which she was charged and served only to confuse the jury. These violations included failing to collect second-class postage; improperly borrowing travel money from an account without filling out appropriate forms; failing to replace an unrelated drawer shortage; allowing drawer short-

ages in July 1985; and improperly auditing an employee's drawer in the evening without a witness.

Prior to trial, Krapp filed a motion in limine seeking to exclude evidence of postal violations such as these. However, the trial judge did not rule on her motion, and she failed to renew her motion during trial. Because Krapp did not object when the evidence was admitted at trial, we review its admission for plain error. *See United States v. Poston,* 727 F.2d 734, 740 (8th Cir.), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2179, 80 L.Ed.2d 561 (1984).

Evidence of other wrongful acts is admissible under FED R.EVID. 404(b) if: 1) the evidence is relevant to an issue in question other than the defendant's character; 2) there is clear and convincing evidence that the defendant committed the other acts; and 3) the potential unfair prejudice of the evidence does not substantially outweigh its probative value. *United States v. Pierce,* 792 F.2d 740, 743 (8th Cir.1986). Rule 404(b) is a rule of inclusion which permits evidence of other crimes, wrongs or acts which are relevant to an issue in the trial, unless the evidence tends only to prove criminal disposition. *United States v. Estabrook,* 774 F.2d 284, 287 (8th Cir.1985). The district court has broad discretion in determining whether to admit the other acts evidence and the decision will be overturned only on a clear showing that the above requirements were not met. *Pierce, supra,* 792 F.2d at 743.

The government argues that this evidence was admissible to show Krapp's intent and lack of mistake. The government had the burden of proving that Krapp made the false entries on the postal forms with intent to defraud or mislead. Part of

---

**3.** On this basis, this case is distinguishable from *United States v. Logan,* 717 F.2d 84 (3d Cir. 1983), which Krapp relies on in arguing that the trial court erred in refusing a character instruction. The *Logan* court found plain error in the trial judge's refusal to give a character instruction. However, in *Logan,* the defense consisted of the defendant's testimony, seven character witnesses, and one other witness. *Id.* at 87 & n. 6. The *Logan* court found that "the defense

case turned entirely on the defendant's credibility because the critical inculpatory evidence came from an alleged accomplice who directly contradicted the defendant's testimony." *Id.* at 92. In contrast, in the present case, Krapp presented only a few character witnesses. Additionally, the government's case against her was strong and was based largely on the documents and reports which she had improperly completed.

Krapp's defense was that she was not properly instructed on the correct procedures for reporting the shortage. We find no abuse of discretion in allowing the other acts evidence as relevant to Krapp's intent or lack of mistake.

Also, the other acts were shown to have been committed by Krapp with clear and convincing evidence. There was specific testimony concerning these incidents as to what occurred and when. *See Estabrook, supra,* 774 F.2d at 288. In fact, Krapp admitted to allowing drawer shortages, improperly auditing the employee's drawer, and failing to collect second-class postage.

Finally, the probative value of the evidence was not outweighed by its prejudicial value. Krapp claims the acts were remote in time to the acts for which she was tried, but the record reveals that the acts all occurred within one year of the offenses for which she was convicted. The evidence was not so inflammatory as to divert the jury's attention from the issues of the case. Further, the trial court gave a proper limiting instruction warning the jury not to consider the other acts evidence as proof of whether Krapp actually made false record entires, but rather as evidence of her state of mind. Therefore, we find no error in the admission of the other wrongful acts evidence.

For the foregoing reasons, the conviction of Patricia E. Krapp is affirmed.