933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linda S. HOLLOWAY, Defendant-Appellant.
 No. 90-4019.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and HILLMAN, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Defendant-appellant Linda S. Holloway appeals the sentence imposed by the district court following her plea of guilty to the crime of embezzlement by a bank employee in violation of 18 U.S.C. Sec. 656. For the reasons that follow, we affirm.
 
 I.
 
 2
 Linda S. Holloway was employed as an assistant manager and a loan officer at the Citizens National Bank in Shadyside, Ohio, and in 1983 she began embezzling money from the bank. Holloway first took money from her grandmother's certificates of deposit (CDs). Holloway then fraudulently borrowed money from the bank by taking out demand loans under a false name to pay back the money taken from her grandmother's CDs. For approximately four years Holloway took out additional demand loans to repay previous demand loans. In 1987, however, the bank ceased extending demand loans, and Holloway began taking out fraudulent installment loans to repay the demand loans. At some point, Holloway began taking money out of customers' savings accounts in order to repay the installment loans.
 
 
 3
 In April of 1989, three customers of the bank complained to the prosecuting attorney of Belmont County, Ohio, about irregularities regarding their bank statements and their accounts. The prosecutor referred the complaints to the Federal Bureau of Investigation, and after a special agent interviewed the bank customers, he informed the bank that there was a serious problem at the Shadyside branch. The bank requested an accounting firm to perform an audit of the Shadyside branch, and the audit revealed a loss of $1,154,458.97.
 
 
 4
 Following the audit, Holloway was questioned about the embezzlement, and after plea negotiations, she agreed to plead guilty to one count of embezzlement by a bank employee in violation of 18 U.S.C. Sec. 656. On November 22, 1989, a one-count information charging Holloway with embezzlement was filed along with Holloway's written plea agreement with the government. The plea agreement provided, in part, that Holloway would give a complete statement to authorities about her criminal activity and that any self-incriminating information provided would not be used against her pursuant to United States Sentencing Guidelines Sec. 1B1.8 in determining the applicable guideline range for her sentence. The information provided by Holloway revealed that the accounting firm had understated the loss to the bank, as Holloway's embezzlement actually totaled $2,144,564.41.
 
 
 5
 On December 7, 1989, Holloway pleaded guilty to the offense charged in the information. The district court accepted her guilty plea and directed that a presentence investigation report be prepared. Prior to the sentencing hearing, Holloway's counsel filed written objections to information contained in the presentence investigation report, specifically objecting to the amount allegedly involved in the embezzlement. Holloway estimated that she actually took only $69,212.90 for her own use, and that a significant portion of the amount lost by the bank resulted from false entries she made in the bank records to cover up her embezzlement.
 
 
 6
 At Holloway's sentencing hearing on November 7, 1990, Holloway's counsel objected to the dollar amount utilized by the court to determine Holloway's base offense level. Holloway's counsel asserted that Holloway's conduct in making false entries on the bank records to cover up her prior embezzlement was a violation of 18 U.S.C. Sec. 1005, for which Holloway had not been indicted or convicted. At the hearing, the government offered testimony and exhibits to establish that the bank lost $1,154,458.97 as the result of Holloway's embezzlement.
 
 
 7
 In its sentencing order, the district court found that Holloway actually embezzled approximately $2,144,564.41 from the bank. However, pursuant to the plea agreement, the district court deducted $890,935.28 from the total because that amount was discovered with information provided by Holloway. Thus, the district court used the amount of $1,253,629.13 for purposes of calculating Holloway's sentence under the guidelines as originally enacted on November 1, 1987. Guideline Sec. 2B1.1 has a base offense level of 4 for larceny, embezzlement, and other forms of theft. The district court increased Holloway's offense level by 11 pursuant to Sec. 2B1.1(b)(1)(L) because the loss to the bank exceeded $1 million. The district court made further adjustments to produce an offense level of seventeen, which combined with a criminal history of I and resulted in a sentencing guideline range of 24-30 months. The district court sentenced Holloway to a 24-month term of imprisonment to be followed by a three-year term of supervised release. This timely appeal followed.
 
 
 8
 The principal issues on appeal are (1) whether the district court satisfied the requirements of Federal Rule of Criminal Procedure 32 with respect to questioning Holloway on the record prior to sentencing; (2) whether the district court's determination as to the amount of money Holloway embezzled from the bank was clearly erroneous; (3) whether the district court violated Holloway's plea agreement by utilizing information provided by Holloway to calculate her sentence; (4) whether the district court complied with the requirements of Federal Rule of Criminal Procedure 32(c)(3)(D); (5) whether the district court erred by not granting a downward departure pursuant to guideline Sec. 5K2.0; and (6) whether the district court erred by sentencing Holloway under the Sentencing Guidelines.
 
 II.
 A.
 
 9
 Holloway argues that her sentence should be vacated because the district judge failed to personally address her at the sentencing hearing as required by Federal Rule of Criminal Procedure 32. Holloway asserts that Rule 32 requires the sentencing judge to ask the defendant three questions: (1) Whether the defendant has had the opportunity to read the presentence investigation report; (2) whether defendant and counsel have discussed the report; and (3) whether defendant wishes to challenge any facts in the report. See United States v. Rone, 743 F.2d 1169, 1174 (7th Cir.1984). Holloway contends that the district court's failure to comply with the requirements of Rule 32 requires that her case be remanded for resentencing. See United States v. Manni, 810 F.2d 80, 83 (6th Cir.1987).
 
 
 10
 In United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988), this court rejected Rone and adhered to the holding in United States v. Mays, 798 F.2d 78 (3d Cir.1986), that a district court need only somehow determine that defendant and counsel have had an opportunity to read and discuss the presentence investigation report. The record in this case reveals that at the sentencing hearing the district judge asked Holloway's counsel if he and Holloway "had an opportunity to go over the presentence report," and counsel responded in the affirmative. Therefore, we hold that the requirements of Rule 32 "were substantially satisfied and this claim has no merit." United States v. Schultz, 855 F.2d 1217, 1225 (6th Cir.1988).
 
 B.
 
 11
 Holloway next argues that there was no factual basis for the district court's finding that she embezzled over $1.1 million from the bank. Holloway estimated that she actually took only $69,212.90 for her personal use and that the remaining amount stated in the presentence investigation report resulted from false entries she made in the bank records to cover up her prior embezzlement. Holloway contends that once allegations in the presentence investigation report are challenged, the government has the burden of proof to support the allegations by a preponderance of the evidence. See United States v. Lee, 818 F.2d 1052, 1056-57 (2d Cir.), cert. denied, 484 U.S. 956 (1987). Holloway contends that her case should be remanded for resentencing because the government introduced no evidence to clearly establish that she embezzled funds in excess of $69,000 for her personal use.
 
 
 12
 The district court's findings of fact which underlie the sentence imposed are reviewed under a clearly erroneous standard. United States v. Robinson, 898 F.2d 1111, 1116 (6th Cir.1990). "[D]ue process requires that facts used for sentencing must have 'some minimum indicium of reliability beyond mere allegation.' " United States v. Robison, 904 F.2d 365, 371 (6th Cir.), cert. denied, 111 S.Ct. 360 (1990). This court requires that proof presented at sentencing hearings satisfy a "preponderance of the evidence" standard. United States v. Silverman, 889 F.2d 1531, 1535 (6th Cir.1989).
 
 
 13
 We hold that the district court's finding as to the amount of money Holloway embezzled is not clearly erroneous. At the sentencing hearing, the government provided the testimony of an accountant from the accounting firm which audited the Shadyside branch bank following Holloway's embezzlement. The accountant testified that the accounting firm examined various accounts at the bank and determined that the loss totaled $1,076,423.00. A representative of the bonding company which paid the bank's loss testified that payments to the bank totaled $1,154,458.97. Therefore, the district court's determination as to the total loss is supported by a preponderance of the evidence.
 
 C.
 
 14
 Holloway also argues that her sentence should be vacated due to the district court's violation of her plea agreement. Holloway asserts that in calculating her sentence, the district court violated her plea agreement by using information she provided to law enforcement authorities. Holloway's plea agreement with the government stated that any self-incriminating information she provided would not be used against her in determining the applicable guideline range for sentencing. At the sentencing hearing, the district court specifically stated that information provided by Holloway would not be used in calculating her sentence. In its sentencing order, the district court stated that although the total amount "taken" from the bank was $2,144,564.41, the amount Holloway informed the government about would be deducted. Accordingly, the district court deducted $890,935.28 from the total. Thus, the district court complied with the terms of the plea agreement.
 
 D.
 
 15
 Holloway next argues that her sentence should be vacated because in calculating her sentence the district court considered conduct for which she was not charged or convicted. At the sentencing hearing, counsel for Holloway asserted that the presentence investigation report improperly included losses to the bank caused by her making false entries in bank records to conceal prior embezzlements. Counsel for Holloway argued that this was conduct which violated 18 U.S.C. Sec. 1005 for which she was not indicted or convicted. Therefore, Holloway's counsel asserted that losses caused by false entries should not be included in calculating her sentence. On appeal, Holloway contends that the district court violated Federal Rule of Criminal Procedure 32(c)(3)(D) by not making a "finding" or a "determination" regarding her allegation that the presentence investigation report used uncharged offenses to calculate her sentence.
 
 
 16
 Federal Rule of Criminal Procedure 32(c)(3)(D) provides:
 
 
 17
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 18
 "A defendant demanding a resentencing due to a violation of Rule 32(c)(3)(D) needs only to show that '(1) allegations of inaccuracy were before the sentencing court and (2) the court failed to make findings regarding the controverted matters or a determination that the disputed information would not be used in sentencing.' " United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990) (quoting United States v. Eschweiler, 782 F.2d 1385, 1389 (7th Cir.1986)).
 
 
 19
 Rule 32(c)(3)(D) speaks only of challenges to "factual inaccuracies" in the presentence investigation report. Holloway's argument raises a dispute as to a legal issue rather than a factual inaccuracy. Therefore, we hold that the district court was not required to make any findings under Rule 32(c)(3)(D). See United States v. Parikh, 858 F.2d 688, 697-98 (11th Cir.1988); United States v. Aleman, 832 F.2d 142, 144-46 (11th Cir.1987).
 
 
 20
 Even assuming arguendo that Rule 32(c)(3)(D) was triggered by Holloway's argument, we hold that the district court satisfied the requirements of the rule. At the sentencing hearing, the district court observed that the essence of Holloway's argument was that only the amount of money she took "out the door" should be counted in calculating her sentence. However, the district court rejected this argument and concluded that the fact some money was repaid to the bank was irrelevant for sentencing purposes. Moreover, in its sentencing order, the district court stated that what appeared to be in contention was the actual "loss" caused by Holloway's embezzlement. The district court resolved this contention by concluding that the term "loss" in guideline Sec. 2B1.1 means the value of property taken, and that return of the stolen or embezzled property did not diminish the taking. See United States v. Jenkins, 901 F.2d 1075, 1083-84 (11th Cir.), cert. denied, 111 S.Ct. 259 (1990). Therefore, we hold that the district court substantially complied with the requirements of Rule 32(c)(3)(D). United States v. Weber, 818 F.2d 14, 15 (8th Cir.1987).
 
 E.
 
 21
 Holloway next argues that the district court erred by failing to grant a downward departure pursuant to guideline Sec. 5K2.0 in view of her cooperation with law enforcement authorities. Guideline Sec. 5K2.0 provides that a court may depart from the applicable guideline range if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." However, "the discretionary failure to depart downward from the Sentencing Guidelines is not subject to appellate review under 18 U.S.C. Sec. 3742." United States v. Spedalieri, 910 F.2d 707, 710 (10th Cir.1990); see United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.), cert. denied, 110 S.Ct. 1956 (1990); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.) (1989). Accordingly, this claim is not reviewable.
 
 F.
 
 22
 Finally, Holloway contends that the district court erred by sentencing her under the Sentencing Guidelines because her criminal conduct occurred in 1983 and 1984, prior to the effective date of the guidelines. Holloway's argument on appeal is inconsistent with her guilty plea. The information to which Holloway pleaded guilty described her criminal conduct as "[b]eginning on or about the 1st day of January, 1984, and continuing through May 8, 1989 ...." This court has held that the guidelines are applicable to "continuing offenses begun before November 1, 1987, but not completed until after that date." United States v. Sloman, 909 F.2d 176, 182 (6th Cir.1990). Accordingly, Holloway's argument is rejected.
 
 III.
 
 23
 For the reasons stated, the sentence imposed by the district court is AFFIRMED in all respects.
 
 
 
 *
 Honorable Douglas W. Hillman, Senior United States District Judge for the Western District of Michigan, sitting by designation