# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1253

_____

United States of America,     \*
                \*
 Plaintiff - Appellee,     \*
                \* Appeal from the United States
 v.              \* District Court for the
                \* District of Nebraska.
Thurman Griffin, Sr.,      \*
                \*
 Defendant - Appellant.    \*

_____

Submitted: September 13, 2005
Filed: February 10, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

A jury convicted Thurman Griffin, Sr., of assault with a deadly weapon in Indian country in violation of 18 U.S.C. § 1153. The district court[1] sentenced him to 54 months in prison. Griffin appeals, arguing that the prosecutor's improper cross-examination and closing argument were so prejudicial as to deprive him of a fair trial. We affirm.

---

[1]The HONORABLE THOMAS M. SHANAHAN, United States District Judge for the District of Nebraska.

After many hours of partying at the home of his wife's daughter, Griffin and his brother arrived at Griffin's home after 4:00 a.m. Griffin's wife, her sister, Donna Parker, Parker's boyfriend, Lawrence Torrez, and other family members were at the home, drinking and talking. Griffin and Torrez were both intoxicated when the assault occurred. Torrez and Parker testified that Griffin suddenly, and without provocation, approached the sitting Torrez and hit him many times with an aluminum bat. Torrez suffered a broken arm, a cracked collar bone, two cracked ribs, and a head wound that needed multiple staples to close.

Griffin's defense was self defense. He testified that he was talking with a cousin when Torrez mentioned a previous fight and said he should have brought a gun to Griffin's home for protection. Griffin told Torrez "not to talk about trouble, that this wasn't the place for it." Torrez then pulled a knife and walked towards Griffin, who backed around his parked van. Griffin picked up a wooden stick and struck Torrez once on the top of his head in self-defense. The jury resolved these conflicting versions by believing the testimony of Torrez, rather than Griffin.

1. The prosecutor asked Griffin during cross-examination, "Now, you've assaulted individuals before; isn't that correct, sir?" Defense counsel objected, and the objection was sustained. The prosecutor then asked, "Do you have any felony convictions for assaults, sir?" Griffin again objected, and the court held a side-bar to consider this objection. The prosecutor argued that the prior conviction was admissible for impeachment purposes under Rule 609 of the Federal Rules of Evidence. Griffin argued that the conviction was inadmissible under Rule 609(b) because Griffin was released from confinement for the prior conviction ten years and one month before the *trial*, and the prosecutor gave no "advance written notice of intent to use such evidence," as Rule 609(b) requires. The prosecutor responded that no notice was required because Griffin was *indicted* within the ten year period. The district court ruled that the Rule 609(b) timing issue turns on the date of the trial, not the date of the indictment, and sustained Griffin's objection. Griffin then moved for

a mistrial because the jury had observed the lengthy side-bar. The court denied a mistrial but instructed the jury "to disregard any reference to any prior conduct characterized as an assault." Griffin did not object to that instruction.

On appeal, Griffin argues that the pair of questions constituted prosecutorial misconduct. Though his objections were sustained, Griffin argues that he was nonetheless prejudiced because "the harm is not just in the answer when there is poison in the question." We reject this contention for three reasons -- no misconduct occurred because the prosecutor had a good faith basis to argue the prior conviction was admissible under Rule 609; Griffin's objections were sustained so the questions went unanswered; and the court promptly instructed the jury to disregard the questions. Accord United States v. Krapp, 815 F.2d 1183, 1186 (8th Cir. 1987).

2. Griffin argues that the prosecutor committed prejudicial misconduct when he commented, near the end of his rebuttal closing argument:

> I just also find it interesting that all of these family members of Thurman Griffin were there, that purportedly witnessed what happened, seeing him being threatened by someone with a knife, and none of those folks came to tell you what they saw.

Griffin objected. The district court sustained the objection and instructed the jury: "As previously mentioned to you in the instructions, the defendant is not required to prove his innocence." This is a cautionary instruction we have repeatedly approved. See United States v. Shoff, 151 F.3d 889, 893 (8th Cir. 1998); United States v. Cook, 771 F.2d 378, 382 (8th Cir. 1985).

On appeal, Griffin argues that the witnesses in question were available to both sides, and therefore the prosecutor's comment created an improper inference of guilt. This argument is of doubtful merit. "The prosecutor is free to comment on the failure of the defendant to call an available alibi witness." United States v. Schultz, 698 F.2d

365, 367 (8th Cir. 1983). But in any event, the argument is foreclosed by our decision in United States v. Vazquez-Garcia, 340 F.3d 632, 642 (8th Cir. 2003):

> In the context of a claim for prosecutorial misconduct, our standard of review does not allow us to conduct an independent inquiry into the propriety of the prosecutor's comment. Rather, [defendant's] argument is limited to the district court's exercise of discretion in response to the objection . . . . Here, the district court sustained the objection . . . and the record does not show that [defendant's] counsel ever moved for a mistrial. Therefore, [defendant] cannot claim . . . that the district court abused its discretion . . . .

Similarly, in this case, the district court sustained Griffin's objection and gave a cautionary instruction to the jury. Griffin neither moved for a mistrial nor objected to the adequacy of that instruction. Therefore, the claim of error was not preserved.

3. Finally, Griffin argues that five other comments by the prosecutor during closing argument were improper expressions of his personal opinions. Defense counsel objected to the first two comments. The district court responded that "counsel's opinions are irrelevant" and that the jury must decide the case on the basis of the evidence. There was no objection to the last three comments. In our view, these comments were proper argument based on the evidence, rather than improper expressions of personal opinion. See United States v. Felix, 867 F.2d 1068, 1075 (8th Cir. 1989); United States v. Segal, 649 F.2d 599, 604 (8th Cir. 1981). At a minimum, they fell far short of prosecutorial misconduct. Moreover, as Griffin did not move for a mistrial when the court sustained his objection to the first two comments, and made no objection to the last three, no claim of error was preserved.

The judgment of the district court is affirmed.

_____