**Artis PORTER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 24775.**

United States Court of Appeals
Fifth Circuit.

May 20, 1968.

Calvin Whitesell, Montgomery, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty, Montgomery, Ala., for appellee.

Before BROWN, Chief Judge, WISDOM, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM:

Appellant is seeking to set aside his conviction upon a jury verdict of the offense of buying untaxed whiskey in violation of Chapter 51, Sec. 5001, U.S. Code. The amount involved was twenty gallons.

The only question which merits attention here is whether the government could offer evidence of the appellant's reputation for being a violator of the liquor laws before it rested its case in chief. We are of the opinion that the trial court correctly allowed it to do so under the circumstances of this case. Counsel for the appellant told the jury in his opening statement, before any evidence had been offered, that the defense was going to be unlawful entrapment. His cross-examination of the government's "special investigator" developed enough to require the submission of the question of entrapment. It was only after the issue had been solidly injected into the case before the jury by the appellant that the government offered the evidence complained of. If the rule were, as contended by the appellant, that such testimony could be offered only after

both the government and the defense rested, there would be nothing to keep an accused from developing a fact issue in his cross-examination of the government's witnesses and then resting with the government so as to deprive it of the right to get relevant evidence before the jury.

The judgment is affirmed.