**UNITED STATES of America, Appellee,**

v.

**Charles SHURN, Appellant.**

**No. 87–2317.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1988.

Decided June 16, 1988.

Rehearing Denied July 18, 1988.

C. Clifford Schwartz, St. Louis, Mo., for appellant.

Debra Herzog, Asst. Atty. Gen., St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

Charles Shurn appeals his conviction of one count of possession with intent to distribute heroin, a violation of 21 U.S.C. § 841(a)(1) (1982). On appeal he argues that the District Court[1] erred in denying his motion for judgment of acquittal based upon insufficient evidence. He also contends that the Court erred in allowing rebuttal testimony of Detective Wheeler, in allowing the Government to reopen its case in chief, in refusing his jury instruction, in denying him a *Franks* hearing, in allowing a jury selection process that prejudiced him and in receiving prejudicial and irrelevant evidence. For the reasons set forth below we affirm.

## I. BACKGROUND

On March 17, 1987, detectives with the St. Louis Police Department's Narcotics Unit executed a search warrant at 6027 Suburban, St. Louis, Missouri. Officers had set up a surveillance of this residence prior to the execution of the warrant. With the warrant in hand, approximately 12 members of the surveillance team approached the residence from the rear. As they did, a car with three occupants drove up to the house and one of the occupants yelled out, "The police are coming." The officers then rushed to the house, forced open the door and entered.

Detective Clifford was the first inside and he saw Jeanne Navies run from the hallway and start down the steps. She was stopped and taken down to the first floor. Clifford then began to search the residence, and in the bathroom, on top of a shower stall, he found a rolled up sock containing a black gummy substance which was analyzed and found to be 74.15 grams of 40% pure heroin.

Other officers proceeded to an upstairs bedroom. Behind a closed door the officers found Charles Shurn kneeling on the floor near a gun. Also, found in the bedroom was: a plastic bag containing a gummy substance later analyzed to be 14.25 grams of 47% pure heroin; two dinner plates, one with a white powder residue, later analyzed to be cocaine; a glass; a single playing card with heroin residue; some capsules containing heroin residue; and some personal items belonging to Charles Shurn. The only furniture in the room was an inflatable mattress.

The residence contained another air mattress in the living room, a pool table in the dining room and a semi-furnished kitchen. There was no other furniture. The only other items of interest found in the house were two digital pagers (beepers), a scale, some personal items of the defendant's, and 5 boxes of dormin capsules each containing 72 tablets.[2]

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. Detective Leyshock, a St. Louis narcotics officer, testified that heroin is sold in gelatin capsules known as "buttons." Quinine and dormin capsules are most often used. Also, dormin is a common "cutting agent," for heroin, which, when sold in buttons, is normally 1 to 6 per cent pure. When "cutting" heroin, dormin capsules are emptied onto a plate, the heroin is weighed, and the dormin and heroin are mixed. The diluted heroin is then packaged inside the capsule and sold.

## II. ISSUES

### A. Sufficiency Of The Evidence

Our standard of review regarding the sufficiency of the evidence is well established. We must examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. We can only reverse if we conclude that a reasonable fact-finder could not have found the defendant guilty beyond a reasonable doubt. *See, e.g., United States v. Parrino,* 816 F.2d 414, 417 (8th Cir.1987); *United States v. Davis,* 785 F.2d 610, 619 (8th Cir.1986). This Court may overturn the verdict only if the evidence properly viewed is such that "a reasonable-minded jury must have entertained a reasonable doubt as to the government's proof of one of the essential elements of the offense." *United States v. Holm,* 836 F.2d 1119, 1122 (8th Cir.1988) (citing *United States v. Netz,* 758 F.2d 1308, 1310 (8th Cir.1985) (per curiam).

■ The government had the burden of proving that appellant knowingly possessed heroin with the intent to distribute it. 21 U.S.C. § 841(a)(1); *see, United States v. Cardenas,* 748 F.2d 1015, 1019 (5th Cir. 1984). The appellant contends that the evidence was insufficient for the government to meet its burden of proof. Proof of constructive possession is adequate to satisfy the element of "knowingly" possessing under § 841(a)(1). *See United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988) (citing *United States v. Wajda,* 810 F.2d 754, 761 (8th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). Constructive possession is defined as knowledge of presence plus control. *Id.* A person has constructive possession of contraband if he has "ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed." *Id.; Cardenas,* 848 F.2d at 1019 (citation omitted).

■ After reviewing the record, we conclude that the evidence is sufficient to establish that appellant had constructive possession of the heroin. At the time the search warrant was executed, appellant was found in a bedroom containing only an air mattress. He was dressed only in a bathrobe. He was leaning over a clutter of items which included two plates, a glass, a playing card, a small bag of cocaine, a bag of heroin, and capsules containing heroin. His clothing was in the closet and jewelry with his initials was found on the floor next to the bed. Two digital beepers leased by appellant were found in the living room. In the kitchen, officers found a scale and five boxes of dormin capsules. Also, a large quantity of tar heroin was found on a shower stall wrapped in a sock.

The evidence gives rise to a compelling inference that appellant was not a casual visitor to 6027 Suburban Street. Instead, it appears that appellant controlled the house and the heroin it contained. Based on the record as a whole, we are satisfied there is ample evidence of constructive possession to support appellant's conviction.

■ The record also contains sufficient evidence to support the second element of § 841(a)(1). The intent to distribute may be proven by either direct or circumstantial evidence and may be inferred from such things as the possession of a large quantity of a controlled substance, its high purity level, the presence of paraphernalia used to aid in the distribution of drugs, large sums of unexplained cash, and the presence of firearms. *See, e.g., United States v. La-Guardia,* 774 F.2d 317, 320 (8th Cir.1985). In the present case, appellant was found in possession of a large quantity of 40–47% pure heroin, scales and 5 bottles of dormin capsules (known to be cutting agent for heroin), cash found under the mattress in the bedroom, and a gun which was within reach of appellant when the police entered the room. This evidence demonstrates appellant's intent to distribute the heroin.

There was sufficient evidence of appellant's constructive possession of heroin and of his intent to distribute it. Thus, we hold that the District Court did not err in denying appellant's motion for acquittal.

### B. Rebuttal Testimony

■ Appellant asserts that the testimony of Detective Larry Wheeler was improper

rebuttal testimony because: (1) he was in court when Jeanne Navies testified, and (2) his testimony could have been received in the case in chief. When the search warrant for 6027 Suburban Street was executed Jeanne Navies was found in the home running down the steps. She was later arrested as a material witness prior to appellant's trial and placed in the U.S. Marshal's Witness Security Program after she agreed to testify for the government. Thus, while Ms. Navies testified, law enforcement officers, including Detective Wheeler, remained in the courtroom despite the court's sequestration order. Some of Ms. Navies' testimony, to the surprise of the government, was different than her prior statements. Thus, Detective Wheeler was called as a rebuttal witness to impeach Ms. Navies. Prior to Ms. Navies' change of heart, the government did not intend to call Detective Wheeler as a witness.

The trial court is given broad discretion in the interpretation of Rule 615, Federal Rules of Evidence. *United States v. Williams*, 604 F.2d 1102 (8th Cir.1979). The *Williams* court stated, it is a matter within the discretion of the trial court whether to permit the government's representative to testify, even though the witness sat at the counsel table throughout the trial. *Id.; e.g., United States v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir.1972), *cert. denied*, 411 U.S. 918, 93 S.Ct. 1556, 36 L.Ed.2d 310 (1973); *United States v. Wells*, 437 F.2d 1144, 1146 (6th Cir.1971). In the present case, Detective Wheeler was only in the courtroom for Ms. Navies' testimony, and then was only called to impeach her testimony.

Furthermore, the purpose of a sequestration order is not applicable to the present facts. The practice of excluding witnesses

serves to prevent them from tailoring their testimony to that which has already been presented, and helps to detect testimony that is less than candid. *United States v. Perry*, 815 F.2d 1100, 1105 (7th Cir.1987) (citing *Geders v. United States*, 425 U.S. 80, 87, 96 S.Ct. 1330, 1334–35, 47 L.Ed.2d 592 (1976). The testimony, in the present case, was not cumulative, but simply impeaching.[3]

Fed. Rule of Evidence 607 provides: "The credibility of a witness may be attacked by any party, including the party calling the witness." Thus, impeachment of Jeanne Navies was not improper and the fact that Detective Wheeler was not called in the government's case in chief was not prejudicial to appellant.[4] In the absence of any specific showing of prejudice to the appellant from the action of the trial court, we find no abuse of discretion.

C. Government Reopening Case In Chief

▆▆▆▆ Appellant asserts that the trial court erred in allowing the government to reopen its case in chief to ask a narcotics agent about the use of digital pagers (beepers).[5] Detective Leyshock had previously testified as an expert, based on his experience as a narcotics agent, about the processes used to cut and distribute heroin, the street value associated with the drug, and various other related areas. The government, however, had not previously asked Detective Leyshock about the beepers and the trial judge allowed the government to reopen its case in chief for this limited purpose.

Appellant contends that the trial court erred. This issue is without merit. Questions relating to the order of proof and permission to reopen its case after resting

---

**3.** Detective Wheeler was questioned exclusively on the previous testimony of Jeanne Navies. Detective Wheeler had no knowledge of any other testimony related to this case.

**4.** It should also be noted that the defendant requested that this testimony be saved for rebuttal. The Court outside the hearing of the jury, stated that, "Counsel for the defendant requested that the Court admonish the government's

attorney to [call Leyshock] after he had put on whatever case he was going to put on."

**5.** It was asserted by the government that it is common practice for drug traffikers to use beepers to communicate with people wishing to purchase drugs. The government also presented evidence that Charles Shurn had leased the beepers and that the defendant was using them to further his criminal activity.

are entrusted to the trial court's wide discretion. *United States v. Webb*, 533 F.2d 391, 395 (8th Cir.1976). The District Judge considered the question, after allowing both the government and the defendant to present argument. We hold that no abuse of discretion exists.

 In response to one of the defendant's cross-examination questions, Detective Leyshock stated that, "... While the beepers were in my possession, people constantly called him that night and were placing orders over the phone." The defendant objected to the answer as non-responsive and then made a motion for a mistrial based upon the detective's prejudicial answer. The Court denied his motion. Appellant argues that a mistrial was appropriate and the trial Court's error warrants a reversal and a new trial. We do not agree.

The question before this Court is whether the District Court abused its discretion in denying defendant's motion. We hold that the testimony when viewed in the context of the whole trial, was not so offensive as to warrant a mistrial. *See, United States v. Krapp*, 815 F.2d 1183 (8th Cir.), *cert. denied*, — U.S. —, 108 S.Ct. 174, 98 L.Ed.2d 127 (1987). A District Court has broad discretion in determining whether alleged prejudicial evidence so tainted the trial as to require a mistrial and an appellate court may only reverse upon a showing of abuse of discretion. *United States v. Pierce*, 792 F.2d 740, 742 (8th Cir.1986). Viewed in the context of the entire trial, it cannot be said that the statement was "so offensive as to deprive the defendant of a fair trial." *United States v. Bohr*, 581 F.2d 1294, 1301 (8th Cir.), *cert.*

*denied,* 439 U.S. 958, 99 S.Ct. 361, 58 L.Ed. 2d 351 (1978).

### D. Jury Instructions

Appellant next argues that the District Court erred in giving certain instructions to the jury. First, he argues that Instruction No. 19 was improper because "there were no Eighth Circuit cases to support it and it wasn't in Devitt and Blackmar." [6]

 We find appellant's contention to be without merit. This Court has stated that intent to distribute may be established by circumstantial evidence, including possession of a large quantity of the controlled substance. *United States v. Eng*, 753 F.2d 683, 687 (8th Cir.1985); *United States v. Franklin*, 728 F.2d 994, 998 (8th Cir.1984). In fact, intent to distribute has been inferred solely from possession of large quantities. *See, United States v. Koua Thao*, 712 F.2d 369, 371 (8th Cir.1983) (154.-74 grams of opium); *United States v. De-Leon*, 641 F.2d 330, 335 (5th Cir.1981) (294 grams of cocaine); *United States v. Grayson*, 625 F.2d 66, 67 (5th Cir.1980) (413.1 grams of 74% pure cocaine). In the present case, appellant was charged with possession of 88 grams of *44%* pure heroin. We hold that the District Court did not err when it used Instruction No. 19.

Appellant then argues that Instruction No. 22 was improper.[7] We disagree. The language in the instruction was taken verbatim from the first paragraph in 1 E. Devitt & C. Blackmar, Federal Jury Practice Instructions, § 1413 (3d Ed.1977). The instruction was proper in this case.

 Appellant also contends that the District Court erred in refusing his instruction "A."[8] A defendant is entitled to an

---

6. Instruction No. 19 provides:

 I instruct you that possession of a large quantity of heroin supports an inference of an intent to distribute.
 Thus, in determining whether the defendant possessed heroin with the specific intent to distribute it, you should consider whether the defendant possessed a large quantity of heroin. If you believe that he did, then you may infer that he had the specific intent to distribute.

7. Instruction No. 22 provided:

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate his state of mind.

8. Proposed Instruction "A" provides:
 Possession may be constructive, but dominion or control is essential to a finding of possession. Mere participation in a common

instruction on his theory of the case if there is evidence to support it and a proper request is entered. *United States v. Gilliss*, 645 F.2d 1269 (8th Cir.1981); (citing *United States v. Brown*, 540 F.2d 364, 380 (8th Cir.1976)). A defendant, however, is not entitled to an instruction in a particular form. Even if the requested instruction is proper and in form suitable for use by the Court, the Court retains discretion in framing the instruction. *Id.* Upon examination of the instructions taken as a whole, we are satisfied that the instructions adequately advised the jury on possession. Appellant's proposed instruction "A" was merely cumulative with the instructions used. We find the Court did not err in instructing the jury as it did.

### E. *Franks* Hearing

■ Appellant next contends that the District Court erred in denying his motion for a *Franks v. Delaware* hearing. In *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978), the Court set forth guidelines to determine whether an evidentiary hearing is required to test the veracity of affidavits supporting search warrants:

> Where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless regard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the 4th Amendment requires that a hearing be held at the defendant's request.

The District Court held that the defendant had not met the requirements for a *Franks v. Delaware* hearing, and we agree. The allegations made by the appellant's motion to quash the warrants were not supported by offers of proof. Appellant's bare allegations do not warrant a *Franks v. Delaware* hearing. *See, United States v. Krauth*, 769 F.2d 473, 479 (8th Cir.1985); *United States v. Bulgatz*, 693 F.2d 728, 732 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1203, 75 L.Ed.2d 444 (1983). The District Court's denial of appellant's motion for a *Franks v. Delaware* hearing is upheld.

### F. Jury Selection

■ Next the appellant asserts that the jury selection process was prejudicial to his case because the petit jury selected did not represent a fair cross-section of the community. The Supreme Court in *Duren v. Missouri*, 439 U.S. 357, 364–67, 99 S.Ct. 664, 668–70, 58 L.Ed.2d 579 (1979) set out the requirements for a *prima facie* violation. In *Duren*, the Court held that the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to a systematic exclusion of the group in the jury selection process. *Id.* The appellant has failed to meet this burden.

The appellant is black and he contends that the Eastern District of Missouri has consistently failed to include the black population in its venire. However, he has provided the Court with no basis for review because the record contains no facts with which to support his claim. There is absolutely no evidence presented to show that the alleged underrepresentation was due to "systematic exclusion" of blacks from the jury pool. Thus, we find the appellant's argument lacking merit.

### G. Evidence

The appellant's final argument is that certain evidence, such as a gold ring, a watch, scales and other paraphernalia, should not have been admitted into evidence because their probative value was outweighed by the unfair prejudicial value and the items were not relevant to this case. *See*, Fed.R.Evid. 401, 403. The rele-

scheme or plan with the actual possessor is not sufficient to support a finding of posses-

sion.

vance of a given piece of circumstantial evidence must be determined by the trial judge in view of his experience, judgment and knowledge of human motivation and knowledge. *United States v. Williams*, 545 F.2d 47, 50 (8th Cir.1976); (citing McCormick Law of Evidence 438 (2d Ed. 1972)). Also, the trial judge has broad discretion in determining what evidence can be admitted, and its decision will be overturned on appeal only if there was an abuse of discretion. *Rothgeb v. United States*, 789 F.2d 647, 650 (8th Cir.1986); *United States v. Swarek*, 656 F.2d 331, 337 (8th Cir.), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981). The trial court did not abuse its discretion when admitting the evidence at issue.

The judgment of conviction is affirmed.