**UNITED STATES of America, Appellee,**

v.

**Nina L. KNOX, Appellant.**

**No. 89–5005.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1989.

Decided Nov. 3, 1989.

Craig E. Cascarano, Minneapolis, Minn., for appellant.

Lynn Z. Zentner, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, BOWMAN and MAGILL, Circuit Judges.

LAY, Chief Judge.

Nina L. Knox appeals from her conviction in the district court [1] for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) (1982). Knox alleges the evidence seized in her arrest should be suppressed, claiming probable cause for the arrest was lacking. She also challenges the city ordinance under which she was arrested, and the sufficiency of the evidence supporting her conviction. We affirm the conviction.

1. The Honorable Diana E. Murphy, United States District Judge for the District of Minnesota.

Over a period of time in 1988, Minneapolis narcotics police officers received reports from an informant that crack cocaine was being sold out of a duplex at 3519–21 Fourth Avenue South, and out of cars parked along the street in front of the duplex. In February, 1988, a search warrant executed at the duplex recovered money, crack smoking devices, and drug packaging materials. Nina Knox was present during this search, but no drugs were found, and she was not arrested. By May, 1988, police had received numerous complaints from neighborhood residents concerning drug trafficking at the duplex. On May 12, 1988, Minneapolis police officer Sergeant Grates, a narcotics investigator, received additional information from the same informant that crack cocaine was being sold out of the duplex and out of a car parked in front of the duplex. The buyer either would purchase drugs from an individual sitting in the car; or, the buyer would wait in the duplex while an individual retrieved something from the car and returned to the duplex, after which the buyer would leave the duplex.

Sergeant Grates established surveillance approximately ¼–½ block from the duplex on May 12, 1988. He observed seven incidents in which individuals entered the duplex for short periods of time. When someone entered the duplex, Knox exited the building, went to a blue Cadillac parked in front of the building, and returned to the duplex. The first individual then left the building. Knox later left the area in the car for approximately 30 minutes, but Sergeant Grates did not follow her. Upon her return, Knox entered and then came out of the duplex and sat in the front seat of the Cadillac. The car hood was raised and two men stood by the front of the car. No tools were observed and there was no indication car repair work was underway. During the time Knox sat in the car, three individuals approached it. Sergeant Grates observed each individual pass a hand to the inside of the car toward Knox. Each person walked away from the car with a clenched fist. No drugs were observed, although Sergeant Grates did observe money in the hand of one individual. The two males remained at the front of the car throughout each transaction.

Sergeant Grates did not observe any actual drugs-for-money exchanges. Based on his observations, which corroborated the informant's reports, and his experience as a member of a police department crack enforcement team, Sergeant Grates believed drug trafficking was taking place. A marked squad car was summoned and directed to arrest Knox and the two males for violating a Minneapolis city ordinance prohibiting loitering with intent to distribute drugs.

Minneapolis police officer Beske placed Knox in his squad car, and returned to the vehicle, where he observed an open brown paper bag containing money under the steering wheel on the floor of the car. Officer Beske removed the bag and discovered two foil packets containing what appeared to be crack cocaine. Officer Beske also removed Knox's purse, which was sitting open on the front seat, and discovered a large amount of money and food stamps. Officer Beske decided to impound the car, and then conducted a further search pursuant to standard police department procedures which required that impounded cars be searched and their contents inventoried. A search of the trunk revealed a cardboard container with a large amount of money.

An inventory of the property seized included $2600 cash and $250 in food stamps from the interior of the car; $2200 cash from the trunk of the car; and what was later identified by a City of Minneapolis chemist as 14.3 grams of crack cocaine. Knox's motion to suppress this evidence seized in connection with her arrest was denied. Following a jury trial, Knox was found guilty, and sentenced to 78 months imprisonment with a four year supervised release term.

Knox raises three issues on appeal. She first argues the district court erred in denying her motion to suppress because Sergeant Grates lacked probable cause for her warrantless arrest.

Probable Cause

■ Probable cause can be based on a police officer's observations, *see United*

*States v. McGlynn,* 671 F.2d 1140, 1144 (8th Cir.1982) (officer's observations coupled with other specific information can establish probable cause); an officer's experiences in a particular criminal area, such as narcotics trafficking, *see United States v. Wallraff,* 705 F.2d 980, 988 (8th Cir.1983) (police officer can evaluate events observed in light of training or experience); or the corroborated tip from an informant, *see United States v. Ramos,* 818 F.2d 1392, 1395 (8th Cir.1987) (probable cause can be based on informant's tip corroborated through police investigation). Under the totality of the circumstances standard, these events are evaluated together, rather than as discrete occurrences. *Illinois v. Gates,* 462 U.S. 213, 233–39, 103 S.Ct. 2317, 2329–33, 76 L.Ed.2d 527 (1983). Thus, actions that a lay person could view as innocent may be viewed in a more significant, inculpatory light by a trained narcotics officer possessing information from various sources. *Wallraff,* 705 F.2d at 988.

Knox relies on the fact that the informant's tip and the earlier search of the duplex did not specifically identify her as a participant in drug trafficking. She contends, relying on this court's decision in *United States v. Everroad,* 704 F.2d 403 (8th Cir.1983), that her arrest was initiated only because of her proximity to, and association with, a building at which drug trafficking was known to occur.

If the determination of probable cause was limited to Knox's actions in entering and exiting the duplex, *Everroad* may be applicable. "[P]hysical proximity to a crime combined simply with a brief association with a suspected criminal—*when there is no other unlawful or suspicious conduct by any party involved*—cannot support a finding of probable cause." *Id.* at 407 (emphasis added). *Everroad* does not control this case, however, since the totality of circumstances reveals more than mere proximity to a known drug trafficking area, or merely innocent conduct. The pattern of activity surrounding the duplex—people entering and exiting the duplex, Knox's apparent retrieval of an item from the car for each person, the apparent transactions occurring while Knox sat in the car—essentially corroborated the informant's details of drug trafficking occurring at the duplex. Independent corroboration of an informant's details about the modus operandi of drug trafficking is relevant to a probable cause determination. *See Ramos,* 818 F.2d at 1395. Sergeant Grates' experience in narcotics investigations must also be considered. The activities he observed, while possibly innocent to the casual observer, were, for Sergeant Grates, consistent with the existence of drug trafficking. The totality of this evidence amounts to more than innocent-appearing conduct. We cannot say the district court was clearly erroneous in concluding probable cause supported Knox's arrest. *See United States v. Briley,* 726 F.2d 1301, 1306 (8th Cir.1984) (probable cause determination must be upheld unless clearly erroneous).

## The Ordinance

Knox next challenges the ordinance under which she was arrested, Minneapolis Code § 385.50: "No person shall loiter on the street or in a public place or in a place open to the public with intent to solicit for the purposes of prostitution or any other act prohibited by law." This ordinance has been upheld on constitutional grounds by the Minnesota Supreme Court. *See State v. Armstrong,* 282 Minn. 39, 162 N.W.2d 357 (1968). Knox claims the statute is unconstitutional because it allows arrests for suspicious conduct, thus violating the fourth amendment mandate that arrests be based on probable cause. Because we have already found Knox's arrest was supported by probable cause, however, we decline to review the constitutionality of this statute. *See United States v. Velasquez,* 885 F.2d 1076 (3d Cir.1989).

## Sufficiency of Evidence

■ Finally, Knox challenges the sufficiency of the evidence to support her conviction. She argues her conviction is supported only by her presence in the car along with a quantity of money and cocaine. Knox contends this evidence does not establish she had physical control of the cocaine and was intending to sell it.

Thus, she claims, her conviction is based on speculation and conjecture. We review a challenge to the sufficiency of the evidence in a light most favorable to the government, *United States v. Hammond,* 821 F.2d 473, 477 (8th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 502, 98 L.Ed.2d 501 (1987), and will affirm if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Shurn,* 849 F.2d 1090, 1093 (8th Cir.1988).

The evidence must demonstrate two elements to support a conviction for possession of cocaine with intent to distribute: possession of the substance, and intent to distribute. *United States v. Brett,* 872 F.2d 1365. 1369–70 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989); *Shurn,* 849 F.2d at 1093. Possession can be either actual or constructive. *Brett,* 872 F.2d at 1369. Constructive possession is defined as knowledge of presence plus control. *Id.; Shurn,* 849 F.2d at 1093. Knox was seated in the front seat of the car when she was arrested. The bag containing the crack cocaine was located underneath the steering wheel, directly in front of her seat. Knox does not claim she was unaware of the presence of the drugs in the car, only that her presence in the car along with those drugs does not indicate possession. Constructive possession, however, includes "dominion over the premises in which the contraband is concealed." *Brett,* 872 F.2d at 1369 (quoting *United States v. Matra,* 841 F.2d 837, 840 (8th Cir.1988)). The evidence supports a finding that Knox exercised dominion over the car, since she was observed driving it, sitting in it, and entering it on several occasions to retrieve something, apparently drugs for purchasers. Also, Knox's possessions, including her purse and miscellaneous papers, were found in the car.

The second element, intent to distribute, may be inferred from circumstantial evidence such as a large sum of cash, and a quantity of a controlled substance. *Brett,* 872 F.2d at 1370; *Shurn,* 849 F.2d at 1093. We believe the evidence, including almost $5000 cash and over 14 grams of cocaine, demonstrates this second element.

In sum, we find the totality of the circumstances demonstrates probable cause justifying Knox's arrest. The district court properly denied the motion to suppress. We do not consider Knox's challenge to the Minneapolis city ordinance because we have found her arrest supported by probable cause. We also find the evidence sufficient to support her conviction. The conviction is therefore affirmed.