911 F.2d 725
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Arthur RICHMOND, Defendant-Appellant.
 No. 89-5095.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 9, 1990.
Decided July 20, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Spartanburg. Joe F. Anderson, Jr., District Judge. (CR No. 87-290)
 Edward Walter Miller, Miller & Paschal, Greenville, S.C., for appellant.
 David Calhoun Stephens, Assistant United States Attorney, Greenville, S.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Steven Arthur Richmond was convicted by a jury of three counts of transporting stolen vehicles in interstate commerce (18 U.S.C. Sec. 2312). Richmond appeals his conviction. His counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Richmond has filed a supplemental pro se brief.* The government has moved for summary affirmance of the conviction.
 
 
 2
 Briefly, Richmond's counsel presented the questions of whether the trial court erred in failing to grant a directed verdict on the ground of entrapment and in permitting the government to reopen its case to show predisposition after the defendant testified. These issues have no merit because there was evidence of predisposition and the trial court did not abuse its discretion in allowing the government to reopen its case to show predisposition. United States v. Porter, 394 F.2d 508 (5th Cir.1968); see also United States v. Schurn, 849 F.2d 1090 (8th Cir.1988); United States v. Carter, 569 F.2d 801 (4th Cir.1977), cert. denied, 435 U.S. 973 (1978).
 
 
 3
 Richmond argues that deleted portions of the tapes played for the jury contained exculpatory information which was withheld by the government, but does not specify what the information might be. The argument is meritless. Richmond and his attorney had access to the tapes in their entirety, and certain incriminating portions were initially excised at his attorney's request. Richmond's other arguments--that the witnesses against him were prejudiced, that his prosecution was political, and that the agency involved was duplicitous--are similarly without merit.
 
 
 4
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. We accordingly affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A, court-appointed counsel has the obligation to advise Richmond of his right to petition the Supreme Court for a writ of certiorari and, if Richmond desires him to do so, to prepare the necessary papers.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Richmond requested and was given the opportunity to file an amended pro se brief, but did not do so