**UNITED STATES of America, Appellee,**

v.

**Harold Lester NEWTON, Jr., Appellant.**

**No. 89-2697.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1990.
Decided Aug. 17, 1990.

David R. Freeman, St. Louis, Mo., for appellant.

Daniel E. Mueleman, St. Louis, Mo., for appellee.

Before MAGILL and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

PER CURIAM.

Appellant Harold Lester Newton was convicted by a jury of possessing cocaine with intent to distribute and distributing cocaine, both in violation of 21 U.S.C. § 841(a)(1), conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and interstate travel to distribute cocaine in violation of 18 U.S.C. § 1952(a). He appeals his conviction and sentence, arguing that evidence of prior bad acts was erroneously admitted and that his sentence is excessive. We find his arguments to be without merit

and thus affirm his conviction and sentence.

On December 30, 1985, police officers observed Newton and three companions executing a sale of cocaine at a McDonald's restaurant in St. Louis. Five days later, Newton traveled from Los Angeles to St. Louis with approximately one-half kilogram of cocaine. A ticket agent at the airport became suspicious of Newton's luggage and notified DEA agents, who then obtained a search warrant. Pursuant to the warrant, DEA agents searched Newton's luggage and found the cocaine. Newton was arrested at that time.

At trial, the government presented the testimony of two of Newton's coconspirators, airline employees, the officers who were at the McDonald's restaurant, DEA agents, and a laboratory analyst. Newton put on no evidence. The jury returned guilty verdicts on all counts. The district court[1] sentenced Newton to concurrent terms of imprisonment aggregating ten years. It later vacated that sentence because at sentencing Newton had not been advised of his right to appeal. At resentencing proceedings the same prison term was imposed.

■ Newton's first argument on appeal is that the district court abused its discretion by admitting the testimony of his friend, Paul Thornton. In addition to testifying about the cocaine transaction at McDonald's on December 30, 1985, Thornton testified that he observed Newton in possession of cocaine in July 1985 and that he purchased cocaine from Newton in October 1985. Newton argues that Thornton's testimony about his previous cocaine involvement was inadmissible under Federal Rule of Evidence 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent,

---

**1.** The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

preparation, plan, knowledge, identity, or absence of mistake or accident.

It appears that Newton does not dispute that Thornton's testimony was relevant to issues other than Newton's character. This court has held repeatedly that evidence of prior drug involvement may be relevant to the issues of motive and intent to commit a more recent drug crime. *See United States v. Williams*, 895 F.2d 1202, 1205 (8th Cir.1990); *United States v. Leisure*, 807 F.2d 143, 144 (8th Cir.1986); *United States v. Lewis*, 759 F.2d 1316, 1349 (8th Cir.), *cert. denied*, 474 U.S. 994, 106 S.Ct. 406, 106 S.Ct. 407, 88 L.Ed.2d 357 (1985). Newton argues instead that Thornton's testimony was inadmissible because there was insufficient evidence that the prior acts he testified to actually occurred and that they were committed by Newton. Newton cites three factors in this regard: (1) Thornton admitted on cross-examination that he lied to the U.S. Attorney, (2) he testified in order to avoid prosecution for his drug involvement, and (3) his testimony was uncorroborated.

At one time the Eighth Circuit required that evidence of prior bad acts must meet a clear and convincing standard in order to be admissible. *See, e.g., United States v. Lewis*, 759 F.2d at 1349. However, the Supreme Court recently rejected that standard and held that such evidence is admissible "if [inter alia] there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." *Huddleston v. United States*, 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). We must also keep in mind that the district court has broad discretion in determining the admissibility of other-crimes evidence, *see United States v. Evans*, 697 F.2d 240, 248 (8th Cir.), *cert. denied*, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983), and that the admission of such evidence is reversible only "when it is clear that the evidence has no bearing on the case." *United States v. Williams*, 895 F.2d at 1205 (citation omitted). *See also United States v. Johnson*, 879 F.2d 331, 334 (8th Cir.1989).

We believe that there was sufficient evidence to support a finding that Newton committed the prior acts described by Thornton. The facts about Thornton that Newton emphasizes have to do with Thornton's credibility, and Newton was free to expose them in an attempt to make Thornton less credible in the jurors' eyes. But, these factors do not render Thornton's testimony entirely unsupported and thus inadmissible under Rule 404(b).

We also reject Newton's claim that the district court abused its discretion in concluding that the probative value of Thornton's testimony was not outweighed by the danger of unfair prejudice. This, too, is a matter that is properly committed to the district court's sound discretion. *See United States v. Bettelyoun*, 892 F.2d 744, 747 (8th Cir.1989); *United States v. Wright*, 799 F.2d 423, 425 (8th Cir.1986). We find no abuse of that discretion in the district court's admission of Thornton's testimony.

 Newton next argues that the district court abused its discretion by imposing the same prison term at resentencing that had been imposed initially. He claims that he deserved a lighter sentence because he demonstrated good behavior and positive adjustment while in prison since the first sentencing.[2] The sentence imposed by the district court is within the statutory limits, and thus our review of it is very limited. We may disturb the sentence only if it is " 'excessive under traditional concepts of justice' or is 'manifestly disproportionate to the crime or the criminal.' " *United States v. Richard*, 872 F.2d 253, 255 (8th Cir.1989) (quoting *Woosley v. United States*, 478 F.2d 139, 147 (8th Cir. 1973) (en banc)). We find no such circumstances here. Accordingly, we affirm the sentence imposed by the district court.

Finding no reversible error with respect to Newton's conviction or sentence, we affirm the judgment of the district court.

**2.** We note that Newton was not sentenced under the new Federal Sentencing Guidelines because his crimes predated their effective date.