**UNITED STATES of America, Appellee,**

v.

**Eddie KEEPER, Appellant.**

**No. 92–1370.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 17, 1992.

Decided Oct. 15, 1992.

Rehearing and Rehearing En Banc Denied, Nov. 27, 1992.

close business dealings with one of the parties.

Gregory G. Fenlon, St. Louis, Mo., for appellant.

John James Ware, St. Louis, Mo. (Stephen B. Higgins and John J. Ware, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG and MAGILL, Circuit Judges.

PER CURIAM.

The Government charged Eddie Keeper with possession with intent to distribute five grams or more of cocaine base (crack), *see* 21 U.S.C. § 841(a)(1) (1988), using firearms during and in relation to a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1) (1988), and being a felon in possession of firearms, *see id.* § 922(g). The district court declared a mistrial at Keeper's first trial. At Keeper's second trial, a jury convicted Keeper of the first two offenses and acquitted him of the third. Keeper appeals and we affirm.

On May 5, 1992, police officers performed a warrant search of an apartment at 5854 Terry. After forcing open the door, two officers saw Keeper entering the kitchen from a bedroom. Officers found six small plastic envelopes, each containing two rocks of crack, in Keeper's pockets. The crack weighed 1.56 grams. In the bedroom Keeper exited, under a child's bed, officers found 28 similar plastic envelopes containing a total of 5.85 grams of crack. Officers found a loaded revolver and $800 in cash inside a child's jacket in the bedroom closet. In the kitchen, officers found a loaded rifle and a loaded semiautomatic pistol in cabinets above the sink, more plastic envelopes, some empty capsules, and a utility bill for 5854 Terry addressed to Eddie Keeper. Officers also found Keeper's fingerprint on a plastic bag containing a large amount of cocaine powder seized in a search of an upstairs apartment the same day.

In his defense at trial, Keeper argued the crack in the bedroom was not his, the crack in his pockets was for personal use, and the police had targeted the wrong man. Keeper presented evidence that he did not reside at 5854 Terry. Elona Beverly, who resided at 5854 Terry with her two young children, testified Keeper did not live there but occasionally visited. Beverly also testified the building was owned by Keeper's nephew, also named Eddie Keeper, and the utilities were in the nephew's name.

In rebuttal, the Government offered evidence of two earlier searches. At Keeper's former residence six months before his arrest, officers had found more than one ounce of cocaine powder and several crack rocks packaged like the crack found at 5854 Terry. Three months before Keeper's arrest, officers found Keeper in an apartment near sixteen small baggies of crack. The Government also offered evidence that Keeper resided at 5854 Terry. A deputy marshal testified that when she booked Keeper after his arrest, Keeper stated he lived at 5854 Terry. To impeach Beverly, an officer testified that during the search of the apartment, Beverly stated Keeper was her boyfriend, Keeper lived in the apartment with her, and the drugs were Keeper's.

■ On appeal, Keeper first raises several arguments related to the sufficiency of the evidence to support his convictions. When reviewing sufficiency questions, we view the evidence in the light most favorable to the Government, giving the Government the benefit of all reasonable inferences that may be drawn from the evidence. *United States v. Young–Bey*, 893 F.2d 178, 181 (8th Cir.1990). We reverse only when "no reasonable jury could have found guilt beyond a reasonable doubt." *Id.*

■ To support the conviction under section 841(a)(1), the evidence must show Keeper constructively possessed the crack found in the bedroom, and Keeper intended to distribute it. *See United States v. Knox*, 888 F.2d 585, 588 (8th Cir.1989). Keeper contends there is not enough evidence to support an inference that he possessed the crack found in the bedroom and the small amount found in his pockets does

not show an intent to distribute. Because it was reasonable for the jury to find that Keeper resided at 5854 Terry, it was also reasonable for the jury to infer that Keeper constructively possessed the crack found in the bedroom. Keeper's occupancy of the apartment and his presence in the bedroom where the drugs were found raised the inference of constructive possession. *See United States v. Wajda,* 810 F.2d 754, 761–62 (8th Cir.), *cert. denied,* 481 U.S. 1040, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987). Keeper's actual possession of crack packaged the same way sufficiently ties Keeper to the crack found in the bedroom. *See United States v. Gordon,* 923 F.2d 123, 125 (8th Cir.1991).

It was also reasonable for the jury to infer Keeper intended to distribute the crack, even though Keeper actually and constructively possessed only 7.41 grams of crack. The presence of the quantity of crack, the large amount of unexplained cash, three firearms, and plastic packaging envelopes is sufficient evidence to show Keeper's intent. *See Knox,* 888 F.2d at 588 (intent to distribute may be inferred from quantity of controlled substance and large sum of cash); *United States v. La-Guardia,* 774 F.2d 317, 320 (8th Cir.1985) (presence of three firearms and scales is evidence of intent to distribute).

Keeper also contends there is no evidence he used a firearm during a drug trafficking crime and constructive possession of a firearm cannot support a conviction for this offense. We disagree. The Government does not need to show actual possession of a firearm to support a conviction under section 924(c). *See Young–Bey,* 893 F.2d at 181. The mere presence and availability of firearms at an apartment where drugs and cash are discovered demonstrates the use of firearms to commit the offense. *LaGuardia,* 774 F.2d at 321. Thus, it was reasonable for the jury to infer Keeper used the firearms during a drug trafficking offense. *See Young–Bey,* 893 F.2d at 181.

Second, Keeper raises several issues based on evidence admitted at trial. Keeper contends the district court committed reversible error by admitting the cocaine seized from an upstairs apartment and the evidence of the two earlier searches under Federal Rule of Evidence 404(b). Keeper also contends it was reversible error to admit his statement he lived at 5854 Terry.

Keeper argues there is not sufficient evidence to show he possessed the cocaine found upstairs. Keeper's fingerprint alone would not be enough to show beyond a reasonable doubt that Keeper possessed and intended to distribute the cocaine. *See United States v. Townley,* 942 F.2d 1324, 1325–27 (8th Cir.1991). For purposes of admissibility under Rule 404(b), however, an earlier bad act need only be established by a preponderance of the evidence. *See United States v. Campbell,* 937 F.2d 404, 406 (8th Cir.1991); *see also Huddleston v. United States,* 485 U.S. 681, 685, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988). Under this standard, Keeper's fingerprint along with the evidence of drug trafficking in the downstairs apartment is sufficient to support a jury finding that Keeper at some time possessed the cocaine found in the upstairs apartment. *See United States v. Newton,* 912 F.2d 212, 214 (8th Cir.1990) (per curiam). Thus, we conclude the district court did not abuse its broad discretion in admitting the cocaine under Rule 404(b). *See id.*

We also conclude the district court did not abuse its discretion in admitting the evidence of the earlier searches during the Government's rebuttal. Keeper argues this evidence had no probative value. The evidence, however, was relevant to rebut Keeper's defenses that he did not possess or intend to distribute the crack cocaine found in the bedroom and that the police had targeted the wrong man. *See United States v. Marin–Cifuentes,* 866 F.2d 988, 996 (8th Cir.1989) (Rule 404(b) evidence showing identity, intent, or knowledge is admissible); *United States v. House,* 939 F.2d 659, 663 (8th Cir.1991) (Rule 404(b) evidence showing knowledge and intent was admitted in rebuttal). The district court properly admitted the evidence for the limited purposes of showing identity,

intent, or knowledge. *See* Fed.R.Evid. 404(b).

 Keeper contends the district court should not have admitted his statement of his address at booking because information received during pretrial services functions "is not admissible on the issue of guilt in a criminal judicial proceeding." 18 U.S.C. § 3153(c)(3) (1988); *United States v. Smith*, 973 F.2d 1374 (8th Cir.1992). Keeper's statement, however, was not obtained during a pretrial services function. *See* 18 U.S.C. § 3154 (listing functions). Because information necessary for booking purposes is generally admissible at trial, the district court properly admitted the evidence. *See United States v. McLaughlin*, 777 F.2d 388, 391–92 (8th Cir.1985).

 Third, Keeper contends the district court should have held a hearing on the legality of the search warrant for 5854 Terry after evidence at trial disclosed that the affidavit supporting the warrant contained a false statement. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To receive a *Franks* hearing, "[t]here must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." *Id.* at 171, 98 S.Ct. at 2684. Keeper, however, did not offer proof that the affiant deliberately lied or recklessly disregarded the truth. Thus, the district court properly denied Keeper a *Franks* hearing. *See United States v. Crook*, 936 F.2d 1012, 1014 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 974, 117 L.Ed.2d 138 (1992).

 Fourth, Keeper contends his second trial violated the Double Jeopardy Clause of the Fifth Amendment. At Keeper's first trial, an officer testified that Keeper did not make a statement after his arrest. Keeper moved for a mistrial, arguing the testimony was an unfair comment on his right to remain silent. Initially, the district court denied Keeper's motion and testimony resumed. The next morning, after reconsidering the officer's testimony, the district court granted Keeper's standing motion. Because Keeper requested and consented to the mistrial, Keeper's sec-

ond trial did not violate double jeopardy. *See United States v. Scott,* 437 U.S. 82, 93, 98 S.Ct. 2187, 2195, 57 L.Ed.2d 65 (1978); *United States v. Dixon,* 913 F.2d 1305, 1310 n. 2 (8th Cir.1990).

 Finally, Keeper contends his conviction for using firearms during a drug trafficking crime should be reversed because it is inconsistent with his acquittal of the felon-in-possession charge. We disagree. " '[I]nconsistency of a verdict on separate counts of an indictment does not entitle a convicted defendant to reversal of a judgment of conviction.' " *United States v. Martin,* 933 F.2d 609, 612 (8th Cir.1991) (quoting *United States v. Bryant,* 766 F.2d 370, 376 (8th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986)). We also reject Keeper's contention the district court improperly refused to reinstruct the jury. *See United States v. White,* 794 F.2d 367, 370 (8th Cir.1986) ("The response to a jury request for supplemental instructions is a matter within the sound discretion of the district court.").

We thus affirm Keeper's convictions.