986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Price W. SPEECE and Zachary M. ROCKELMAN, Defendants-Appellees.
 No. 92-3077, 92-3078.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BRATTON, District Judge*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 HOWARD C. BRATTON, Senior District Judge.
 
 
 4
 Defendants were convicted, after a jury trial, of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. Defendants appeal the denial of their motion to suppress, the denial of their motion to dismiss for failure to comply with the Speedy Trial Act, and several evidentiary and sentencing decisions of the trial court. They also argue the evidence presented at trial was insufficient to support the jury's verdict.
 
 Motion to Suppress
 
 5
 On June 21, 1991, agents of the Kansas Bureau of Investigation (KBI) arrested defendants while executing a search warrant of an area surrounding a marijuana patch situated on federal public land. Defendants were charged under state law and released on bond. On July 9, 1991, federal agents arrested defendant Speece at his residence, and on July 10, 1991, the agents conducted a search of the residence pursuant to a search warrant. The defendants contend the first search warrant was overbroad and lacked particularity because it authorized a search of 320 acres of public land. Defendants further contend they were arrested at the hunting area without probable cause. Defendant Speece contends the search of his residence was tainted by the illegality of the earlier search and seizure, and that on July 9th, the agents illegally searched his residence without a warrant.
 
 
 6
 1. The June 21st warrant: We review the trial court's conclusion that the warrant was not overbroad and did not lack particularity de novo. United States v. Leary, 846 F.2d 592, 600 (10th Cir.1988). The relevant portion of the warrant in this case provides for the search of:
 
 
 7
 A tract of land described as: the North One-half of Section Five (5), Township Eighteen (18) South, Range Fourteen (14) East, in Osage County, Kansas. Also described as a field approximately 150 yards South of highway K-170 on Cherry Creek.
 
 
 8
 The search is to include any caves, tents, lean-tos, sheds, and outbuildings together with all travel or stock trailers that foot trails lead to and from the marijuana fields; also water lines to their source.
 
 
 9
 The search is to include any and all persons present at the time of the search and any vehicles located on the property.
 
 
 10
 Defendants argue the warrant is facially invalid because it authorized the search of any person, structure, and vehicle within 320 acres. A search warrant must describe the place to be searched with sufficient particularity for the executing officer to locate and identify it with reasonable effort. United States v. Dorrough, 927 F.2d 498, 500 (10th Cir.1991). We find that although the warrant begins by identifying a 320 acre tract of land, it narrows the area to a "field approximately 150 yards South of highway K-170 on Cherry Creek" and includes only structures found near trails leading to the marijuana fields. The warrant did not authorize the search of the entire 320 acres; the trial court correctly denied the motion to suppress on this basis.
 
 
 11
 2. Probable cause to arrest--June 21st: Defendants contend the officers arrested them without probable cause prior to conducting their search pursuant to the warrant. We review the trial court's decision that there was probable cause to arrest de novo. See United States v. Dodds, 946 F.2d 726, 727 (10th Cir.1991) (legal issue of probable cause reviewed de novo ). The facts are not in dispute.
 
 
 12
 The KBI agents had located the marijuana field prior to June 21st after receiving a tip from a citizen informant. They viewed the field from an airplane, walked through the area, and located the campsite prior to obtaining the warrant. On June 20th, they saw two men enter the field and the campsite, the only one in the area, look through the tools and walk around the marijuana field. The officers saw no one enter or leave the area until they secured and executed the search warrant.
 
 
 13
 Law enforcement officers have probable cause to arrest when the facts and circumstances within their knowledge are sufficient to warrant a prudent man in believing an offense has been or is being committed. United States v. Miller, 532 F.2d 1335, 1337 (10th Cir.), cert. denied, 429 U.S. 839 (1976). We find the facts and circumstances recited above were sufficient for the officers to believe the defendants were involved with the cultivation of the marijuana, and under the circumstances there was probable cause to arrest them at the hunting area.
 
 
 14
 3. The July 9th "search": When the officers arrested Speece at his home on July 9th, one officer took photographs of items on the property. Speece concedes the officers were lawfully on the premises and did not seize any items on that day. However, the officers used the photographs and their observations to apply for the search warrant executed the following day. Speece argues on appeal the officers exceeded the scope of a lawful protective sweep, and therefore the Court should suppress all evidence seized pursuant to the warrant. The trial court found that anything the officers observed was admissible under the plain view doctrine. The court gave defendant the opportunity to object to any photographs taken of items not in plain view. By not objecting, defendant has conceded that all the items photographed and observed were in plain view. Since the officers were lawfully on the premises, their use of photographs of items in plain view was also lawful. Cf. Horton v. California, 496 U.S. 128 (1990).
 
 Speedy Trial
 
 15
 We have reviewed the record and find no violation of the Speedy Trial Act. Our review accords with the trial court's thorough recitation of the excludable time under 18 U.S.C. § 3161(h), and we find that the court tried defendants well within the 70 day time limit allowed by the Act.
 
 Sufficiency of the Evidence
 
 16
 Both defendants argue the evidence was insufficient to prove they constructively possessed the marijuana plants found in the field, and defendant Speece argues the evidence was also insufficient to prove he constructively possessed the marijuana found at his residence. To determine whether the evidence was insufficient, we view all the evidence, direct and circumstantial, in the light most favorable to the government. United States v. Culpepper, 834 F.2d 879, 881 (10th Cir.1987). The evidence is sufficient to support the verdict if, when viewed in this light, a reasonable jury could find the defendants guilty beyond a reasonable doubt. Id.
 
 
 17
 The government can establish constructive possession by circumstantial evidence if there is a sufficient nexus between the defendant and the contraband. Id. at 882. We find there was sufficient evidence to support the jury's verdict. The KBI officers found both defendants camping at a campsite connected to a field of marijuana growing on federal land. The officers found a package of Miracle-Gro and Fertil-Mix near the tent and trash bags, Zig-Zag papers, and a small amount of marijuana on Speece's person. In the marijuana field, the officers found other cultivating materials and root stimulator. Defendant Rockelman's former girlfriend, Susan Winter, testified she had taken defendants to the area of the marijuana fields twice, she had heard defendants discuss the lack of rain, defendant Speece told her not to let anyone know where they were, and she was with defendant Rockelman when he bought an axe. She also testified that sometime prior to June 20th while she was working at a garden store, defendant Rockelman had come to the store asking for a product to prevent grasshoppers from eating plants. She recommended Diazanon, and Rockelman purchased some.
 
 
 18
 Defendant Speece's residence contained a mobile home, a storage shed, and a house. The officers found marijuana and books about growing marijuana in the mobile home. They found pots for starting plants in the storage shed and root stimulator and Miracle-Gro near the shed. They found trash bags containing marijuana, scales, a magazine with articles about growing marijuana, and pill bottles labeled with Speece's name containing marijuana seeds and residue.
 
 
 19
 This circumstantial evidence was enough for the jury to find beyond a reasonable doubt that both defendants possessed the marijuana found at the field and that defendant Speece possessed the marijuana found at his residence. See id.
 
 Rulings at Trial
 
 20
 1. Reopening of the Evidence: After the parties rested on a Friday, the government moved to reopen the evidence Monday morning. During the weekend, the Marshals Service had located an important government witness, Susan Winter, defendant Rockelman's former girlfriend, who had disappeared after she had agreed to testify. The trial court granted the motion and allowed the testimony. We review the court's decision whether or not to reopen evidence for abuse of discretion. United States v. Bolt, 776 F.2d 1463, 1471 (10th Cir.1985). We find no abuse of discretion here. The government presented its motion at the earliest possible time and had a reasonable explanation for its failure to present Ms. Winter's testimony in its case-in-chief. The evidence was relevant and admissible and assisted the jury in determining defendants' guilt or innocence. Finally, defendants were not prejudiced. They knew Ms. Winter was a possible witness and had the opportunity to interview her prior to her testifying. See United States v. Larson, 596 F.2d 759, 778 (8th Cir.1978) (listing factors).
 
 
 21
 2. Violation of Sequestration Order: The trial court allowed two witnesses to testify on rebuttal who had been in the courtroom during prior testimony although defendants had invoked Rule 615, the Rule providing for the exclusion of witnesses. We will not reverse on this basis unless the trial court abused its discretion in allowing the testimony or the violation of the Rule resulted in prejudice to the defendants. United States v. Greschner, 802 F.2d 373, 376 (10th Cir.1986).
 
 
 22
 Agent Dixon and Agent David Adams both gave rebuttal testimony on Friday, after sitting in the courtroom listening to testimony after they had each testified on direct. Defendants objected to their testimony, but the trial court advised counsel they should have pointed out their presence earlier because there was always the possibility of rebuttal testimony. The court found the government had not acted in bad faith. We find no abuse of discretion and the defendants have pointed to no prejudice resulting from the allowance of this rebuttal testimony.
 
 
 23
 After Susan Winter testified on Monday, the government called Agent Bruce Adams to impeach her testimony although he had been in the courtroom during Ms. Winter's testimony. Agent Adams had interviewed Ms. Winter just after the defendants' arrest and was recalled because her testimony differed from her earlier statement. Defendants claim prejudice because Ms. Winter's earlier statements were inculpatory and damaging to defendants' cases. This is not the sort of prejudice requiring reversal. Agent Adams would have given the same testimony had he not heard Ms. Winters' testimony. Accordingly, we find no abuse of discretion and no prejudice resulting from the allowance of this testimony. See United States v. Shurn, 849 F.2d 1090, 1094 (8th Cir.1988).
 
 
 24
 3. Rule 613(b) violation: Defendants argue that Agent Adams's testimony regarding Ms. Winter's prior inconsistent statements was inadmissible because the government failed to give Ms. Winter the opportunity to explain or deny the statements. We review the trial court's ruling on the admissibility of this evidence for abuse of discretion. United States v. Alexander, 849 F.2d 1293, 1301 (10th Cir.1988). We find no abuse of discretion. The court gave defendants the opportunity to recall Ms. Winter and question her about the inconsistent statements, and defendants declined to do so. See United States v. Barrett, 539 F.2d 244, 254-56 (1st Cir.1976) (foundation for impeachment by prior inconsistent statements desirable but not absolutely required under the rule if court gives opportunity to explain or deny at some time during trial).
 
 Sentencing
 
 25
 Defendant Speece argues that the statutory scheme found in 21 U.S.C. § 841(b)(1)(B)(vii) equating 100 kilograms or more of marijuana with 100 or more marijuana plants and mandating the same minimum sentence for possession of either quantity violates equal protection and due process. We have foreclosed this argument by our decision in United States v. Lee, 957 F.2d 778 (10th Cir.1992).
 
 
 26
 Defendant Rockelman argues the trial court should have granted him a downward departure because of his youthful appearance and susceptibility to attack in prison. We lack jurisdiction to consider this issue on appeal. See United States v. Davis, 900 F.2d 1524, 1528-30 (10th Cir.), cert. denied, 111 S.Ct. 155 (1990) (refusal to exercise discretion to depart downward not appealable unless in violation of law or as result of incorrect guideline application).
 
 Conclusion
 
 27
 For the reasons stated above, we affirm the judgments of conviction entered in this case.
 
 
 
 *
 Honorable Howard C. Bratton, Senior District Judge of the United States District Court for the District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3